(No. 74331.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN E. COADY, Appellant.

*Opinion filed October 21, 1993.*

HARRISON, J., took no part.

Daniel M. Kirwan, Deputy Defender, and Michelle A. Zalisko, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Penelope Gainer, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The defendant, John E. Coady, brought the present action in the circuit court of Madison County seeking post-conviction relief. The defendant had previously pleaded guilty to charges of felony murder, armed robbery, and home invasion. In the post-conviction petition, the defendant requested vacatur of the armed robbery conviction, contending that it was an included offense of felony murder. The circuit court dismissed the petition, and the appellate court affirmed (No. 5—90—0384 (unpublished order under Supreme Court Rule 23)). We allowed the defendant's petition for leave to appeal (134 Ill. 2d R. 315(a)) and now affirm the judgment of the appellate court.

The defendant's convictions stem from his participation in the murder of Percy Kortkamp on September 7,

1986, in Madison County. The victim, 84 years old, was stabbed to death in his home, and his wallet was taken. The defendant told authorities that he had planned the robbery with his codefendant, April Main, who was Kortkamp's housekeeper. In separate statements, the defendant and Main each insisted that the other had committed the stabbing. The defendant was originally indicted on two counts of murder, one count of armed robbery, and one count of home invasion; the public defender was appointed to represent the defendant in the case. The defendant later reached a plea agreement with the prosecution. Under the agreement, the defendant was to plead guilty to three of the charges—felony murder based on armed robbery, armed robbery, and home invasion—and the prosecution was to recommend that concurrent sentences be imposed for the separate offenses and that no sentence exceed 60 years. At a hearing on May 4, 1987, the trial judge concurred in the parties' agreement and accepted the defendant's guilty plea to the charges.

Prior to the scheduled sentencing hearing, the defendant moved to withdraw his guilty plea and requested the appointment of new counsel. A different attorney was then appointed to represent the defendant. In a *pro se* motion and in an amended motion prepared by the new attorney, the defendant asserted that his guilty plea was involuntary and made a number of allegations in support of that claim. Neither the *pro se* motion nor the amended motion, however, challenged the defendant's separate convictions for armed robbery and for felony murder based on armed robbery. Following an evidentiary hearing, at which the defendant testified, the circuit judge denied the motions, finding that the defendant had entered his plea knowingly and voluntarily. The public defender who had previously handled the guilty plea later resumed his representation of the defendant.

The defendant was sentenced on December 1, 1987. At the sentencing hearing, the State fulfilled its portion of the plea agreement, recommending a 60-year prison term for the murder conviction and asking that concurrent sentences be entered for the defendant's multiple convictions. The judge sentenced the defendant to concurrent terms of 50 years' imprisonment for murder, 30 years' imprisonment for armed robbery, and 30 years' imprisonment for home invasion; the 50-year sentence was an extended term (see Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—1, 1005—8—2). The defendant subsequently submitted another *pro se* motion to withdraw his guilty plea. Following a hearing, the trial judge denied the motion, noting that the latest motion did not raise any ground that had not already been presented and determined in the proceedings on the earlier motions.

The defendant appealed, contending that his armed robbery conviction should be vacated and that his 50-year sentence for murder was disproportionate to the shorter sentence received by the codefendant for the same offense. In an unpublished order, the appellate court affirmed the defendant's convictions and sentences. (189 Ill. App. 3d 1115 (unpublished order under Supreme Court Rule 23).) The appellate court held that the defendant had waived his challenge to the armed robbery conviction because he had failed to raise the issue in the motions to withdraw his guilty plea. The court declined to treat the question as one of plain error, observing that the prosecution had fulfilled its portion of the plea agreement and that the defendant therefore had received the benefit of his bargain with the State. In addition, the appellate court concluded that the defendant's 50-year sentence for the murder conviction was not disproportionate to the 30-year term imposed on the codefendant for the same offense.

The defendant brought the present action for post-conviction relief on May 4, 1990. In a *pro se* petition filed in the circuit court of Madison County, the defendant alleged the occurrence of a number of constitutional violations in the underlying proceedings. Among other things, the defendant contended that his guilty plea to the armed robbery charge was involuntary because that crime was an included offense of felony murder and thus could not sustain a separate conviction. The defendant also alleged in general terms that the public defender who had represented him in the trial court and the attorney who had represented him in the initial appeal were both ineffective. In addition, the defendant alleged that the attorney who had represented him on the motion to withdraw his guilty plea was ineffective for failing to attempt to establish that the prosecution's case rested in part on false or perjured testimony. Pursuant to section 122—2.1(a) of the Post-Conviction Hearing Act, the circuit judge dismissed the petition without appointing counsel or conducting an evidentiary hearing. See Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a).

The appellate court, with one justice dissenting, affirmed the judgment in an unpublished order. (No. 5—90—0384 (unpublished order under Supreme Court Rule 23).) The appellate court refused to disturb the defendant's conviction for armed robbery, concluding that its earlier disposition of the same issue was *res judicata*. Separately, the defendant argued that trial counsel was ineffective for allowing him to enter a plea to that offense, and that appellate counsel was ineffective for failing to question, on direct appeal, trial counsel's competency on that issue. The appellate court declined to address the merits of these additional arguments; the court believed that the defendant could not renew the challenge to his armed robbery conviction simply by recasting the issue in different terms. We allowed the

defendant's petition for leave to appeal (134 Ill. 2d R. 315).

Before this court, the defendant again argues that his conviction and sentence for armed robbery must be vacated. The defendant correctly notes that armed robbery was the offense underlying the felony murder charge and, as an included offense, will not support a separate conviction and sentence. (See *People v. Donaldson* (1982), 91 Ill. 2d 164, 170; *People v. Johnson* (1988), 167 Ill. App. 3d 659, 669-70.) The defendant contends that the conviction for armed robbery is void and thus subject to attack at any time, that the conviction may be noticed as a matter of plain error, and that trial counsel was ineffective for allowing him to plead guilty to that offense.

We recently addressed several of the same questions in *People v. Davis* (1993), 156 Ill. 2d 149, a post-conviction proceeding. The defendant in that case was found guilty of possession of cannabis with intent to deliver and of an included offense, possession of cannabis; a single sentence was imposed for the two convictions. Before this court, the defendant contended that the conviction for the lesser offense was void and thus could be challenged at any time, without regard to whether the issue had been properly preserved for review. The defendant in *Davis* had not appealed from his original conviction; his post-conviction petition raised only a single issue unrelated to the question of the dual convictions. We rejected the defendant's challenge to the conviction on the lesser charge, determining that an erroneous conviction of that nature is merely voidable, and not void. We explained:

> "In this case, jurisdiction over the defendant, as well as over the subject matter, was proper. The court had authority to enter conviction and sentence on either of the charged offenses [citations], and judgment on both was, merely, error. Nevertheless, the court's erroneous judg-

ment was insufficient to effect divestiture of the court's jurisdiction. The judgment was, therefore, voidable and is not subject to collateral attack. [Citation.]" *Davis*, 156 Ill. 2d at 157-58.

A similar result must obtain here. Though the defendant's conviction for armed robbery might be deemed erroneous in view of his separate conviction for the greater offense of felony murder, that portion of the judgment was merely voidable, and not void. As a voidable order, it is not subject to collateral attack without regard to whether the defendant has properly preserved the issue for review.

The defendant presses the related argument that the armed robbery conviction may be noticed in the present appeal as a matter of plain error. We find *Davis* dispositive of this contention as well. As *Davis* observed, the plain error rule will not operate in post-conviction proceedings to save claims that were waived by the defendant in the underlying prosecution. (*Davis*, 156 Ill. 2d at 159 (citing *People v. Owens* (1989), 129 Ill. 2d 303, 316-17, and *People v. Free* (1988), 122 Ill. 2d 367, 377-78).) Thus, even if the redundant conviction and sentence would normally be noticed as plain error on direct appeal, we must decline to do so in the present appeal, which concerns the defendant's post-conviction petition.

As a final challenge to the conviction and sentence for armed robbery, the defendant argues that trial counsel was ineffective for allowing him to plead guilty to both that charge and felony murder predicated on armed robbery. We believe, however, that this argument comes too late. The appropriate time to challenge trial counsel's effectiveness was on direct appeal. "The judgment of the reviewing court on a previous appeal is *res judicata* as to all issues actually decided, and any claim that could have been presented to the reviewing court in the direct appeal is, if not presented, thereafter barred under the

doctrine of waiver. [Citations.]" (*People v. Silagy* (1987), 116 Ill. 2d 357, 365; see also *People v. Ruiz* (1989), 132 Ill. 2d 1, 9; *People v. Partin* (1977), 69 Ill. 2d 80, 83.) That the defendant could have raised the issue at that time is clear from the record: the defense had available to it all the facts that were necessary for presentation of the argument. (See *People v. Jones* (1985), 109 Ill. 2d 19, 23-24.) We thus conclude that the defendant has waived any challenge to the representation by trial counsel in the underlying proceedings. (See *People v. Partin* (1977), 69 Ill. 2d 80, 83.) The defendant makes no challenge to appellate counsel's conduct in the direct appeal from the conviction, and accordingly we offer no view in that regard.

Although we decline to consider the merits of this argument, we believe that it is appropriate to note what a successful challenge to trial counsel's competency would require the defendant to show. To prevail on a claim of ineffective assistance of counsel, a defendant must establish that he suffered prejudice as a result of professionally unreasonable actions by counsel. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; see *People v. Albanese* (1984), 104 Ill. 2d 504, 526-27 (adopting *Strickland* standard).) To satisfy the "prejudice" component of the *Strickland* test, a defendant challenging counsel's conduct with regard to a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 88 L. Ed. 2d 203, 210, 106 S. Ct. 366, 370; see also *People v. Jones* (1991), 144 Ill. 2d 242; *People v. Huante* (1991), 143 Ill. 2d 61.

In the present case, the defendant would be required to establish that, if trial counsel had advised him of the improperly duplicative conviction and sentence for armed

robbery, he probably would have rejected the plea agreement and gone to trial instead. At oral argument in this case, however, defense counsel was not able to point to any adverse consequences for the defendant as a result of his conviction and sentence for armed robbery. The 30-year term received by the defendant for armed robbery is not his longest sentence, and it is to run concurrently with sentences of equal and greater length. We need not speculate here whether the prosecution would have offered the same agreement if the defendant had not been willing to plead guilty to this additional offense; it is enough to say that the defendant probably would not have rejected this agreement simply because it required him to plead guilty to the redundant offense. Of course, failure to establish prejudice is fatal to an ineffective-assistance claim; once it is determined that a defendant has not been prejudiced by counsel's conduct, no separate determination need be made whether counsel's actions were in fact deficient. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

As a final matter, we note that in *Davis* we vacated the defendant's conviction for the included offense in the exercise of our supervisory authority. We determined in that case that the defendant could be prejudiced if the additional conviction remained on his record. We do not believe that similar relief is appropriate here. The possibility of prejudice to the defendant in the present case is much more remote than it was in *Davis*. The defendant in *Davis* was sentenced to a single term of 18 months' probation, conditioned upon his serving 72 days of periodic imprisonment and paying certain fees and fines. The court believed that the extra conviction in *Davis* might later affect bond and sentencing decisions if the defendant were later charged or convicted in an unrelated proceeding. (*Davis*, 156 Ill. 2d at 160.) The much longer sentences imposed in the present case for the

convictions for murder and home invasion, however, will considerably delay this defendant's eventual return to civilian life. In addition, the present defendant's guilty plea to the armed robbery charge formed part of his plea agreement with the prosecution; in contrast, the multiple convictions entered in *Davis* resulted from a trial. Accordingly, we do not believe that vacatur of the defendant's conviction and sentence for armed robbery is appropriate or necessary in this case.

For the reasons stated, the judgment of the appellate court, affirming the judgment of the circuit court of Madison County, is affirmed.

*Judgment affirmed.*

JUSTICE HARRISON took no part in the consideration or decision of this case.