SIXTH DIVISION
March 21, 2008

No. 1-05-3131

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 93 CR 15476 (03) |
| | ) | |
| MICHAEL PERMANIAN, | ) | Honorable |
| | ) | Karen Thompson-Tobin, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE JOSEPH GORDON delivered the opinion of the court:

Following a jury trial, defendant Michael Permanian was convicted of first degree murder and conspiracy to commit first degree murder, and sentenced to an extended term of 75 years in prison. On direct appeal, defendant's judgment was affirmed, but the case was remanded to resentence defendant to 60 years in prison. Six years later, defendant filed a motion pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2004)), requesting DNA and fingerprint analysis on certain items found at the crime scene. His motion was denied, as was his subsequent motion to reconsider. Defendant now appeals from the denial of his motion to reconsider his request for DNA and fingerprint analysis. This appeal, however, does not address the propriety of the trial court's denial of defendant's section 116-3 motion. No error is raised with respect to that order. Rather, defendant raises a new contention, completely unrelated to the section 116-3 order, attacking his original judgment at trial. Defendant argues that his original convictions were improper, and therefore void, because a person cannot be

convicted of both the inchoate and the principal offense. We affirm, for the reasons discussed below, in that (1) this court does not have jurisdiction to hear an appeal in this manner, even from a void judgment, (2) even if we would have jurisdiction over a void judgment, we would disagree that the judgment in this case was void, but at best voidable, and therefore untimely, and (3) we disagree that the sentence is in actuality improper or erroneous.

BACKGROUND

In the early morning hours of February 18, 1988, Dana Rinaldi was found dead in her car outside the apartment complex in which she lived with her husband, Joseph Rinaldi. The medical examiner testified at trial that Dana had been shot five times in the face and head from a distance of 18 to 24 inches. On June 10, 1993, Joseph Rinaldi (Rinaldi), Ronald Kliner (a codefendant not a party to this appeal), and defendant were arrested and charged with Dana's murder and conspiracy to commit murder. Upon recommendation of a 40-year sentence, Rinaldi pled guilty and agreed to testify against Kliner and defendant. The facts established at trial revealed that Rinaldi consulted Kliner and defendant about killing his wife. Kliner and defendant offered to murder Dana on the condition that they receive part of the proceeds Rinaldi would inherit from her life insurance policies. Rinaldi agreed. After Dana was killed, Kliner and defendant met with Rinaldi several times, over the course of the next several months, to receive payments. Their last meeting occurred nearly three years before they were arrested.

Defendant was charged with a two-count indictment, citing both conspiracy and murder, and was ultimately convicted of both. On August 5, 1996, the trial court found defendant eligible for the death penalty, but citing mitigating factors, sentenced defendant to an extended term of 75

No. 1-05-3131

years in prison. When imposing defendant's sentence, the trial court stated, "[y]ou murdered for money. This places you in an extended term categorically by receiving compensation for your crime. I sentence you, sir, to 75 years in [prison]."

Defendant filed a direct appeal, raising nine issues, none of which alleged that defendant was improperly convicted of both conspiracy to commit murder and murder. However, defendant did argue that the court erred when it sentenced defendant to an extended term, because it considered the allegedly improper factor that defendant received compensation for the murder. This court noted that defendant waived this issue by not raising it in his post-sentencing motion, but reviewed it under the plain error doctrine, which is applicable when extended term sentences are imposed without legal justification. People v. Reed, 282 Ill. App. 3d 278, 281 (1996). This court found that while section 5-8-2(a)(1) of the Unified Code of Corrections (730 ILCS 5/5-8-2(a)(1) (West 1996)) provides that an extended term of 60 to 100 years may be imposed for a first degree murder conviction if the trial judge finds the existence of certain aggravating factors, receiving compensation for a murder is not one of those factors. The State conceded that the trial court erred when it imposed the extended term sentence on defendant, but requested that this court reduce defendant's sentence to 60 years, the maximum permissible non-extended term sentence that can be imposed for first degree murder.

This court agreed that the extended term had to be vacated, and that the sentence should be limited to a maximum of 60 years, recognizing that a person convicted of first degree murder may be sentenced to a term of 20 to 60 years in prison. 730 ILCS 5/5-8-1(a)(1)(a) (West 1996). We found that while in this case defendant could not be sentenced to an extended term under

No. 1-05-3131

section 5-8-2(a)(1) of the Code, this did not require vacatur of the 60-year term imposed in accordance with section 5-8-1(a)(1)(a). Defendant's conviction was affirmed, his extended-term sentence was vacated, and his case was remanded to the trial court to resentence defendant to a 60-year term of imprisonment. People v. Permanian, No. 1-96-2069 (June 8, 1999) (unpublished order pursuant to Supreme Court Rule 23).

On January 10, 2005, defendant filed a motion with the trial court, pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3) (West 2004)), requesting DNA analysis of certain items found at the crime scene. Defendant's motion was denied, as was his motion to reconsider, from which this appeal is taken. However, as noted, this appeal does not challenge the propriety of the trial court's denial of his section 116-3 motion, but rather raises for the first time that he was improperly convicted of both conspiracy and murder by the circuit court.

## ANALYSIS

As an initial matter, the State contends that we do not have jurisdiction to consider this issue. The State argues that because this is an appeal from the trial court's denial of defendant's section 116-3 motion, the only issue that we can consider is whether the trial court properly denied that motion.

We first note, generally, that this court has jurisdiction to hear an appeal from a section 116-3 order which either allows or denies a request for DNA analysis. A section 116-3 order initiates a separate proceeding independent of any claim for post-conviction or other relief. People v. Savory, 197 Ill. 2d 203, 210 (2001). An order of the trial court denying such a motion

No. 1-05-3131

is a judgment that finally disposes of the defendant's claim, and is thus appealable. Savory, 197 Ill. 2d at 210-11. Despite the fact that this appeal fails to address or raise any issues encompassed in the ruling on defendant's motion under section 116-3, from which this appeal is ostensibly taken, defendant maintains that this court is nevertheless vested with jurisdiction because the original judgment rendered by the circuit court is void, and therefore subject to attack at any time.

It is a well-settled principle of law that a void order may be attacked at any time, or in any court, either directly or collaterally. People v. Thompson, 209 Ill. 2d 19, 25 (2004); see also Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 103 (2002). It is undisputed that this principle allows an attack on a void judgment to be heard for the first time on appeal without first being initiated in the court below. See Thompson, 209 Ill. 2d at 25 (finding no impediment to granting relief from a void sentencing order that was raised for the first time on an appeal from the denial of a post-conviction petition, when the appeal alleged other issues that had been argued in the petition); see also People v. Muntaner, 339 Ill. App. 3d 887 (2003) (vacating a void sentencing order that was raised for the first time on an appeal from a post-conviction petition, when that appeal also alleged other issues that had first been argued below).

Where, however, we do not have an independent basis for jurisdiction, we do not acquire it by the mere allegation of a void judgment. See People v. Flowers, 208 Ill. 2d 291 (2002). The relevant facts in Flowers are as follows: at trial, the defendant pleaded guilty and was convicted and sentenced on seven counts of forgery. Thereafter, she was instructed by the trial court that if she wished to appeal her judgment, she had to first file a motion under Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)), requesting reconsideration of her sentence within 30 days of

sentencing. Almost a year later, the defendant filed a motion under Rule 604(d), alleging that the trial court improperly failed to consider the terms of the parties' plea agreement when imposing her sentence. The circuit court ruled on the motion, despite its untimeliness, and rejected it.

On appeal, the defendant argued, among other things, that a provision in her sentence was improper and therefore void. The reviewing court ultimately agreed with the defendant and vacated that portion of her sentence. The supreme court concluded, however, that the trial court had lost jurisdiction to hear defendant's Rule 604(d) motion 30 days after sentencing. Therefore, since the circuit court had no jurisdiction to entertain the motion, due to its untimeliness, the appellate court had no jurisdiction to hear an appeal from that motion, despite the claim of voidness. Our supreme court found that although a void order may be attacked at any time, the issue of voidness must be raised "in the context of a proceeding that is properly pending in the court," because if a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. Flowers, 208 Ill. 2d at 308. The court went on to say that the "appellate court is not vested with authority to consider the merits of a case merely because the dispute involves an order or judgment that is, or is alleged to be, void." Flowers, 208 Ill. 2d at 308. The appellate court's power attaches only upon compliance with the rules governing appeals. Flowers, 208 Ill. 2d at 308. The court in Flowers found that compliance with appellate court rules were not met, since defendant's motion to the circuit court was not timely filed, and therefore the appellate court had no authority to entertain the defendant's claim of voidness. Flowers, 208 Ill. 2d at 309. Accordingly, we know from Flowers, which is consistent with Thomas and Muntaner, that although a defendant can attack a void judgment for the first time on appeal, he cannot do so

without first having an independent basis of jurisdiction, in a proper proceeding before this court.

In the case at bar, there is no independent jurisdictional basis for entertaining this appeal. Since no appeal is actually taken from the section 116-3 order, there is no "proceeding that is properly pending" before this court upon which to support our jurisdiction. Flowers, 208 Ill. 2d at 308. The use of section 116-3 as a basis for this appeal is nothing more than an empty vehicle, which is being used solely and exclusively for challenging a void judgment. As was pointed out in Flowers, a defendant cannot initiate a collateral attack upon a void judgment in an appellate court without substantively addressing the matter from which an appeal can rightfully be taken from the circuit court below. In effect, as is apparent from Flowers, while a court of review may consider an attack on a void judgment for the first time on appeal, the appellate forum is not available for such an attack without first establishing an independent jurisdictional basis, properly invoking appellate review. As discussed below, this result does not by any means foreclose or preclude a party from collaterally challenging a void judgment by first initiating that attack in the circuit court, which is a court of original jurisdiction.

There are two traditional ways in which void judgments can generally be collaterally attacked in the circuit court: a motion under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)) (People v. Harvey, 196 Ill. 2d 444 (2001) (supreme court found that there was no issue as to defendant's right to seek redress from a void judgment by means of a section 2-1401 petition to the circuit court)), or a free-standing motion to vacate a void judgment. People v. Harper, 345 Ill. App. 3d 276 (2003) (finding that if a defendant is challenging a void judgment, the title of that motion filed in the circuit court is irrelevant); JoJan Corp v. Brent, 307

No. 1-05-3131

Ill. App. 496 (1999) (finding that instead of originating under a specific provision or statute, a motion for relief from a void judgment comes from the inherent powers of the court to expunge void acts from its records). Whether brought under a section 2-1401 motion or a free-standing motion, this court has found that where a void judgment is attacked in the circuit court, "no special appearance need be filed once the judgment is entered." People v. Reymar Clinic Pharmacy, Inc., 246 Ill. App. 3d 835, 841 (1993). Moreover, "if the movant mislabels his motion attacking the judgment, the courts should be liberal in recognizing the motion as a collateral attack upon a void judgment." Reymar, 246 Ill. App. 3d at 841. Additionally, a petition for *habeas corpus* relief can be filed in the circuit court where the original conviction was void. Owens v. Lane, 196 Ill. App. 3d 358 (1990). Accordingly, there are alternative avenues available to a defendant by which to initiate a collateral attack on an allegedly void judgment in the circuit court without attempting to initiate the attack here in the appellate court without first acquiring an independent jurisdictional basis.

However, even if we were to find that this was a proper method by which to collaterally attack a void judgment, defendant's judgment in this case was not in fact void, and therefore not subject to attack at this time. Defendant is correct that a person cannot be convicted of both the inchoate and the principal offense, and that conspiracy to commit murder is the inchoate offense of murder. 720 ILCS 5/8-5 (West 1996); People v. Gomez, 286 Ill. App. 3d 232, 235 (1997). However, a conviction on both charges does not necessarily render the judgment void. Our supreme court, in People v. Davis, 156 Ill. 2d 149 (1993), discussed void judgments at length.

In Davis, the court noted that the term "void" is so frequently used interchangeably with

-8-

the term "voidable," that it has lost its primary significance. Davis, 156 Ill. 2d at 155. Whether a judgment is void or voidable presents a question of jurisdiction. Davis, 156 Ill. 2d at 155. If jurisdiction was lacking in the trial court, the resulting judgment rendered will be deemed void. Davis, 156 Ill. 2d 155. On the other hand, a voidable judgment is one erroneously entered by a court that had jurisdiction, and is not subject to attack at any time. Davis, 156 Ill. 2d at 155-56. In Illinois, jurisdiction is conferred by the constitution. Davis, 156 Ill. 2d at 156. "Pursuant to article VI, § 9, of our constitution, the circuit courts have jurisdiction over all justiciable matters. [cite omitted]. As applied in the context of criminal proceedings, the term 'subject matter' jurisdiction means the power to hear and determine a given case." Davis, 156 Ill. 2d at 156.

Our supreme court has held that the power to render a particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction. Davis, 156 Ill. 2d at 156. Without such power, the judgment or sentence is void. Davis, Ill. 2d at 156. However, jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for "the power to decide carries with it the power to decide wrong as well as to decide right." Davis, Ill. 2d at 156. The court in Davis went on to say that once a court has acquired jurisdiction, generally no subsequent error will oust that jurisdiction. Davis, 156 Ill. 2d at 156. As such, "a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." Davis, 156 Ill. 2d at 156. Here, the circuit court had jurisdiction to convict defendant of conspiracy, and to convict defendant of murder, and a judgment on both would merely constitute

error, particularly since the ultimate actual sentence did not exceed the statutory limitations that would apply for murder, the conviction of the greater offense.

Even if we were to find that defendant's judgment void and vacate the conspiracy conviction, there would be no basis to remand the matter for resentencing. Defendant argues, relying on People v. Bone, 103 Ill. App. 3d 1066 (1982), and People v. Guppy, 30 Ill. App. 3d 489 (1975), that where a single sentence is imposed on dual convictions, and one of those convictions is reversed, the defendant is entitled to a new sentencing hearing. We disagree. In both Bone and Guppy, the reviewing court found that because it could not discern from the record how much weight was given to the improper conviction in imposing the sentence, a remand was necessary. Here, although a single sentence of 75 years was imposed on both convictions, we find that the trial court did not substantially rely on the conspiracy conviction in sentencing defendant, and therefore a remand is unnecessary.

If a review of the record reveals that the trial judge did not "substantially consider the vacated convictions in his imposition of the [sentence]," remandment is not required. People v. Bailey, 24 Ill. App. 3d 79, 84 (1993); see People v. Eastland, 257 Ill. App. 3d 394 (1993). In that regard, when a sentence is within statutory guidelines, deference is given to the trial court because it is in the best position to determine a proper sentence." People v. Tabb, 374 Ill. App. 3d 680, 695 (2007). A sentence will be modified only if it is "greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. Tabb, 374 Ill. App. 3d at 695. During defendant's sentencing hearing, the trial judge never mentioned the word "conspiracy." The only statement she made in reference to the conspiracy was that defendant

"murdered for money" and thereby was eligible for an extended term sentence. The trial judge also stated that defendant received compensation for his "crime," which put him in the extended term sentence. Because the trial judge only made reference to a single crime, the murder, there is an insufficient basis to conclude that the court improperly relied on the conspiracy conviction. Subsequently, this court vacated the extended-term portion of the sentence, which was based on defendant's reception of compensation for his crime, and mandated a new 60-year sentenced to be imposed. Presumably, then, what little influence the conspiracy conviction could have had on the trial court, was rectified on review. Therefore, we find that the 60 year sentence defendant is serving is within statutory guidelines, and that there is no basis upon which to conclude that the sentence given was influenced by the conspiracy conviction so as to warrant a remand.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

McBRIDE, P.J., and McNULTY, J., concur.