# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Moran*, 2012 IL App (1st) 111165

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DANIEL MORAN, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-1165 |
| Filed<br>Rehearing denied | August 30, 2012<br>October 4, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for both felony murder predicated on armed robbery and armed robbery resulted in a voidable judgment, not a void judgment, since the armed robbery conviction was an included offense, but the improper entry of a conviction on the lesser included offense of armed robbery did not divest the trial court of jurisdiction; therefore, defendant's untimely section 2-1401 petition seeking relief from the judgment should have been denied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 96-CR-3560 (03); the Hon. Brian Flaherty, Judge, presiding. |
| Judgment | Reversed. |

Counsel on Appeal

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Matthew Connors, and Ahmed M. Baset, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Alan D. Goldberg, and Arianne Stein, all of State Appellate Defender's Office, of Chicago, for appellee.

Panel

JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.

Presiding Justice Lavin and Justice Sterba concurred in the judgment and opinion.

## OPINION

¶ 1      This is an appeal from the circuit court's denial of the State's motion to dismiss defendant Daniel Moran's *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2008)). The State contends that the circuit court erred in denying its motion to dismiss the petition because the petition was untimely filed and because the judgment challenged thereunder was not void, so as to permit an untimely collateral attack. For the reasons that follow, we agree with the State and reverse the judgment of the circuit court.

¶ 2                          I. BACKGROUND

¶ 3      The record reveals the following pertinent and undisputed facts. The defendant was arrested on January 23, 1996, and together with two codefendants charged with three counts of murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2008)) and one count of armed robbery (720 ILCS 5/18-2 (West 2008)) for his involvement in the shooting of a gas station clerk, Abdallah Al-Muhaisen. On October 17, 1997, the defendant entered into a negotiated plea agreement with the State.[1] The defendant pleaded guilty to one count of felony murder predicated on armed robbery (720 ILCS 5/9-1(a)(3) (West 2008)) and one count of armed robbery (720 ILCS 5/18-2 (West 2008)) in exchange for a 45-year sentence (a 39-year sentence for felony murder and a consecutive 6-year sentence for armed robbery). In addition, the remaining two murder charges were nol-prossed by the State.

¶ 4      Before the defendant accepted the plea, the circuit court admonished him in accordance with Illinois Supreme Court Rule 402 (Ill. S. Ct. R. 402 (eff. July 1, 1997)). The court

---

[1]The record reveals that prior to the negotiated plea agreement the parties participated in a conference pursuant to Illinois Supreme Court Rule 402 (Ill. S. Ct. R. 402 (eff. July 1, 1997)).

advised the defendant that by pleading guilty to first degree murder, he faced a sentence between 20 and 60 years in prison, followed by 3 years of mandatory supervised release (hereinafter MSR). The court further advised the defendant that by pleading guilty to armed robbery, a Class X offense, he faced a sentence between 3 and 30 years' imprisonment, again followed by 3 years of MSR. The defendant indicated that he understood the charges, the terms of the plea agreement and the potential penalties.

¶ 5        The circuit court further advised the defendant that by pleading guilty, he was giving up his rights to a bench or jury trial. The court informed the defendant that if he chose to proceed with a trial, he would have the right to be present at trial, to call witnesses in his own defense and to confront the witnesses against him. The court also informed the defendant that if he proceeded to trial he had the right to testify on his own behalf if he chose to do so. The defendant stated that he understood all these rights and that he was freely and voluntarily relinquishing them. The circuit court also asked the defendant if anybody had threatened or promised him anything (aside from the negotiated plea agreement) in return for his plea of guilty. The defendant responded in the negative. The parties then stipulated to the factual basis for the defendant's guilty plea.

¶ 6        On December 4, 1997, the defendant filed a *pro se* motion to modify or reconsider the sentence. That motion was continued to April 30, 1998, when it was recharacterized as a petition to withdraw the defendant's plea and vacate his sentence. In that petition, the defendant alleged that: (1) his plea was involuntary because counsel pressured him into pleading guilty and (2) his sentence should be reduced to better reflect certain mitigating factors which the defendant was not permitted to present before the circuit court. On April 23, 1999, the defendant filed a motion to withdraw the petition vacating his plea but nevertheless asked the circuit court to reconsider his sentence for a possible reduction. The circuit court granted the defendant's motion to withdraw his petition but denied his motion to reconsider the sentence. The defendant filed a notice of appeal on May 3, 1999, but then moved to withdraw his direct appeal on November 4, 1999. The appellate court consequently issued a special order dismissing the defendant's appeal.

¶ 7        More than eight years later, on May 17, 2007, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401(f) (West 2008)), alleging that the circuit court did not have the authority to convict and sentence him on both the armed robbery and felony murder charges since the felony murder charge was predicated on the armed robbery charge. The defendant argued that armed robbery was a lesser included offense of felony murder and thus could not sustain a separate conviction. The defendant also argued that a conviction and sentence as to both offenses violated his constitutional right against double jeopardy. The defendant therefore asserted that his conviction and sentence for armed robbery were void and should be vacated.

¶ 8        After the petition was docketed and the defendant was appointed a public defender, on July 18, 2010, the State filed a motion to dismiss the petition, arguing: (1) that the petition was untimely; (2) that the underlying judgment (*i.e.*, the defendant's conviction and sentence) should not be vacated because it was only voidable and not void, and (3) that the defendant had forfeited his right to raise the issue where he could have made, but failed to make, the same argument in his petition to withdraw his plea. In response, during the hearing on the

State's motion to dismiss, defense counsel conceded that the defendant's section 2-1401 petition was filed beyond the two-year statutory requirement for such petitions (see 735 ILCS 5/2-1401(c) (West 2008)), but nevertheless argued that it should not be dismissed since it alleged a void judgment, so as to permit attack outside of the statutory time period. In support of this contention, defense counsel cited to *People v. Wade*, 116 Ill. 2d 1 (1987).

¶ 9 After hearing arguments, the circuit court granted the defendant's requested relief and vacated his conviction and six-year sentence for armed robbery. In doing so, the court explained:

> "Both sides have presented, I think, some pretty valid arguments[;] however[,] my research of the case[s,] including the case that counsel recently cited a couple months ago[,] which is *Wade*, I believe that this is a void sentence."

¶ 10 The State filed a motion to reconsider the court's judgment reiterating the arguments it had already raised in its motion to dismiss the defendant's section 2-1401 petition (735 ILCS 5/2-1401(f) (West 2008)). In addition, the State contended that even if the defendant's conviction was void, the proper remedy was to allow the defendant to vacate his plea, and not for the circuit court to vacate his armed robbery conviction. On April 15, 2011, the circuit court denied the State's motion to reconsider. The State now appeals contending that the circuit court's order denying its motion to dismiss the defendant's section 2-1401 petition (735 ILCS 5/2-1401(f) (West 2008)) was made in error.

¶ 11 II. ANALYSIS

¶ 12 We begin by noting the familiar principles regarding petitions for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401(f) (West 2008)). It is well settled that when a trial court enters a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, our review is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Section 2-1401 provides a comprehensive, statutory procedure that allows for vacating a final judgment older than 30 days. *In re Dar. C.*, 2011 IL 111083, ¶ 104; see *Mills v. McDuffa*, 393 Ill. App. 3d 940, 945 (2009); see also *Vincent*, 226 Ill. 2d at 6. Section 2-1401 requires that the petition be filed in the same proceeding in which the order or judgment was entered, but that it not be a continuation of the original action. *Vincent*, 226 Ill. 2d at 6; 735 ILCS 5/2-1401(b) (West 2008). The statute further requires that the petition be supported by affidavit or other appropriate showing as to matters not of record. *Vincent*, 226 Ill. 2d at 6; 735 ILCS 5/2-1401(b) (West 2008). Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition. *Vincent*, 226 Ill. 2d at 8.

¶ 13 Most important to this appeal, the statute requires that section 2-1401 petitions be filed within two years of the judgment's entry, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2008); see also *Mills*, 393 Ill. App. 3d at 945-46. The two-year limitations period, however, does not apply to petitions brought on voidness grounds. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

-4-

¶ 14     In the present case, it is undisputed that the defendant filed his section 2-1401 petition over 7½ years after entry of the final judgment. The circuit court, however, found that the defendant's cause fell within the voidness exception to the two-year statutory limitations period because during the defendant's plea hearing, the trial court had no authority to impose convictions and sentences on both the felony murder and the predicate armed robbery charges. On appeal, the State argues that the circuit court was incorrect and that the order imposing the convictions and sentences was merely voidable and therefore not subject to defendant's untimely section 2-1401 challenge. In the alternative, the State argues that even if the judgment was void, the circuit court's remedy of reducing the defendant's sentence by six years was made in error and that, instead, the defendant should have been permitted to withdraw his guilty plea. For the reasons that follow, we agree with the State.

¶ 15     We begin by noting that our supreme court has "consistently held that a judgment is void if and only if the court that entered it lacked jurisdiction." *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 16 (citing *People v. Davis*, 156 Ill. 2d 149 (1993)); see also *People v. Coady*, 156 Ill. 2d 531 (1993); *In re M.W.*, 232 Ill. 2d 408, 414 (2009) ("[i]f a court lacks either subject matter jurisdiction over the matter or personal jurisdiction over the parties, any order entered in the matter is void *ab initio* and, thus, may be attacked at any time"); *People v. Wuebbels*, 396 Ill. App. 3d 763, 766 (2009); *People v. Hall*, 291 Ill. App. 3d 411, 416-17 (1997).

¶ 16     In *Davis*, the seminal decision explaining the voidness doctrine, our supreme court criticized the persistent carelessness in the manner in which our courts have interchangeably employed the terms "void" and "voidable." As the court stated:

     "The term 'void' is so frequently employed interchangeably with the term 'voidable' as to have lost its primary significance. Therefore, when the term 'void' is used in a judicial opinion it is necessary to resort to the context in which the term is used to determine precisely the term's meaning." *Davis*, 156 Ill. 2d at 155.

Our supreme court then made clear that the term "void" should be reserved only for those judgments rendered by a court that lacked jurisdiction. *Davis*, 156 Ill. 2d at 155. As the court explained:

     "Whether a judgment is void or voidable presents a question of jurisdiction. [Citation.] Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. [Citation.] By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Davis*, 156 Ill. 2d at 155-56.

¶ 17     The *Davis* court then explicitly recognized three "elements of jurisdiction": (1) personal jurisdiction; (2) subject matter jurisdiction, and (3) "the power to render the particular judgment or sentence." *Davis*, 156 Ill. 2d at 156. Of the third element, the court warned that "jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." *Davis*, 156 Ill. 2d at 156. Moreover, *Davis* emphasized that:

"once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." *Davis*, 156 Ill. 2d at 156.

¶ 18    Since *Davis*, our supreme court "continues to adhere to this formulation of the voidness doctrine." *Hubbard*, 2012 IL App (2d) 101158, ¶ 16 (citing *In re M.W.*, 232 Ill. 2d at 414); see also *Coady*, 156 Ill. 2d at 537; *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) ("[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally" (internal quotation marks omitted)); see also *People v. Permanian*, 381 Ill. App. 3d 869, 873-76 (2008).

¶ 19    Applying the aforementioned principles to the facts of this case, for the reasons that follow, we are compelled to conclude that the circuit court's order was not void, so as to permit the defendant to proceed with his section 2-1401 petition outside the two-year statutory limitation period. The defendant here does not, nor could he, argue voidness on the basis of the court's lack of personal or subject matter jurisdiction. Rather, the defendant solely contends that the trial court had no authority to render the armed robbery conviction in conjunction with the felony murder one.

¶ 20    The defendant is correct, and the State concedes, that a person cannot be convicted and sentenced for both felony murder and the offense underlying the felony murder charge, in this case, armed robbery. See, *e.g.*, *Coady*, 156 Ill. 2d at 537 ("[t]he defendant correctly notes that armed robbery was the offense underlying the felony murder charge and, as an included offense, will not support a separate conviction and sentence"); *Davis*, 156 Ill. 2d at 153 (noting that a "conviction on [a] lesser included offense is improper"); see also *People v. Donaldson*, 91 Ill. 2d 164, 170 (1982); *People v. Johnson*, 167 Ill. App. 3d 659, 669-70 (1988). However, this fact alone did not automatically divest the circuit court of its inherent power to enter the convictions and sentences.

¶ 21    Our supreme court's decision in *Coady* unequivocally illustrates this principle. In that case, just as here, the defendant pleaded guilty to, *inter alia*, felony murder predicated on armed robbery and armed robbery, and was sentenced to concurrent terms of 50 years' imprisonment for murder and 30 years' imprisonment for armed robbery. *Coady*, 156 Ill. 2d at 534-35. The defendant subsequently submitted a *pro se* motion to withdraw his guilty plea, which was denied by the circuit court and affirmed on appeal. *Coady*, 156 Ill. 2d at 535. The defendant then filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)) arguing, *inter alia*, that his guilty plea for armed robbery was involuntarily entered since armed robbery was a lesser included offense of felony murder and thus could not sustain a separate conviction and sentence. *Coady*, 156 Ill. 2d at 536. The circuit court dismissed the petition and the appellate court affirmed, refusing to disturb the defendant's conviction for armed robbery since its earlier disposition of the same issue barred its relitigation under the doctrine of *res judicata*. *Coady*, 156 Ill. 2d at 536.

¶ 22    On appeal to the supreme court, the defendant argued, just as the defendant does here,

that his conviction and sentence for armed robbery were void and therefore subject to attack at any time, and that they should be vacated. *Coady*, 156 Ill. 2d at 537. Our supreme court disagreed. It first noted that defendant was correct in arguing that "armed robbery was the offense underlying the felony murder charge and, as an included offense, [would] not support a separate conviction and sentence." *Coady*, 156 Ill. 2d at 537. The court then went on to state that this in itself did not divest the court of jurisdiction so as to make the judgment of the circuit court void. *Coady*, 156 Ill. 2d at 537-38.

¶ 23    In coming to its decision, the court in *Coady* relied on its prior decision in *Davis*. In that case, the defendant was found guilty of possession of cannabis with intent to deliver and of an included offense, possession of cannabis. *Coady*, 156 Ill. 2d at 537 (citing *Davis*, 156 Ill. 2d at 151-52). A single sentence was imposed for the two convictions. *Coady*, 156 Ill. 2d at 537 (citing *Davis*, 156 Ill. 2d at 151-52). The defendant did not appeal from his original conviction and his postconviction petition raised only a single issue unrelated to the question of the dual convictions. *Coady*, 156 Ill. 2d at 537 (citing *Davis*, 156 Ill. 2d at 151-52). Nevertheless after the dismissal of his postconviction petition, the defendant appealed arguing that the conviction for the lesser included offense was void and thus could be challenged at any time, without regard to whether the issue had been properly preserved for review. *Coady*, 156 Ill. 2d at 537 (citing *Davis*, 156 Ill. 2d at 151-52). The appellate court held that the defendant's conviction for unlawful possession of cannabis was void because it was a lesser included offense of unlawful possession of cannabis. *Coady*, 156 Ill. 2d at 537 (citing *Davis*, 156 Ill. 2d at 152-53).

¶ 24    Our supreme court, however, disagreed and held that the defendant's conviction was voidable, as opposed to void. As the court in *Davis* explained:

"Defendant's reasoning, although not expressly articulated, is that because the constitution prohibits multiple punishments for the same offense, the improper conviction on the lesser offense, coupled with the conviction on the greater offense, exceeds constitutional authority. Clearly, the infringement of certain fundamental rights, like due process and equal protection, is constitutionally impermissible. However, although violation of such rights may present a proper subject for an exercise of the court's jurisdiction, the rights do not, themselves, vest a court with subject matter jurisdiction. [Citation.]

Our constitution confers upon the circuit courts a general grant of authority to hear and decide all matters of controversy. Such jurisdiction is not defined by the propriety of the court's judgments. 'There are many rights belonging to litigants–rights which a court may not properly deny, and yet which if denied do not oust the jurisdiction or render the proceedings absolutely null and void.' [Citation.] Significantly, this court has held that the constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be waived. [Citation].

In this case, jurisdiction over the defendant, as well as over the subject matter, was proper. *The court had authority to enter conviction and sentence on either of the charged offenses [citations], and judgment on both was, merely, error.* Nevertheless, the court's erroneous judgment was insufficient to effect divestiture of the court's jurisdiction. The

judgment was, therefore, voidable and is not subject to collateral attack. [Citation.]" (Emphasis added.) *Davis*, 156 Ill. 2d at 157-58.

¶ 25    On the basis of its holding in *Davis*, in *Coady*, our supreme court found that although the defendant's conviction and sentence for armed robbery may have been erroneously entered in light of his separate conviction and sentence for the greater offense of felony murder, "that portion of the judgment was merely voidable, and not void." *Coady*, 156 Ill. 2d at 538. The court in *Coady* further concluded that as a voidable order, the conviction and sentence were not subject to collateral attack without regard to whether the defendant had followed the necessary procedural requirements for preserving the issue for review. *Coady*, 156 Ill. 2d at 538.

¶ 26    In the present case, just as in *Coady* and *Davis*, the trial court had jurisdiction over the defendant as well as the subject matter. The court had authority to enter convictions and sentences on either of the charged offenses, and its order entering judgment on both merely constituted error. *Coady*, 156 Ill. 2d at 533; *Davis*, 156 Ill. 2d at 157-58. However, this erroneous judgment did not divest the court of its jurisdiction, and therefore the judgment was voidable and not void. See *Coady*, 156 Ill. 2d at 533; *Davis*, 156 Ill. 2d at 157-58; *cf. Permanian*, 381 Ill. App. 3d at 873-76 (holding that the circuit court's judgment convicting the defendant of both the inchoate crime of conspiracy to commit murder and murder was not void but merely voidable; explaining that since the trial court had jurisdiction to convict the defendant of conspiracy and of murder, judgment on both merely constituted error, rather than rendered the judgment itself void).

¶ 27    The defendant nevertheless argues that *People v. Wade*, 116 Ill. 2d 1 (1987), relied upon by the circuit court, compels a different result. In *Wade*, the defendant pleaded guilty to robbery in exchange for a sentence of probation, and the parties stipulated that the defendant had no prior convictions. *Wade*, 116 Ill. 2d at 4. Nine months into the defendant's thirty-six-month probation sentence, the trial court learned that the defendant had been in fact convicted of two prior offenses, which rendered him statutorily ineligible for probation. *Wade*, 116 Ill. 2d at 4. Accordingly, the trial court vacated the probation order and the defendant withdrew his plea. *Wade*, 116 Ill. 2d at 4. The defendant was subsequently tried, convicted and sentenced to nine years' imprisonment. *Wade*, 116 Ill. 2d at 4. On appeal, the defendant argued that the circuit court lacked jurisdiction to vacate the judgment of probation more than 30 days after imposing the original sentence. *Wade*, 116 Ill. 2d at 4-5. The defendant further argued that his probation order was voidable and should therefore not have been vacated by the circuit court. *Wade*, 116 Ill. 2d at 5. Our supreme court held that because the trial court had given the defendant a sentence that was expressly barred by statute, it had exceeded its inherent authority and the defendant's sentence was void. *Wade*, 116 Ill. 2d at 6.

¶ 28    *Wade* is factually inapposite to the present case, which is analogous to *Davis* and *Coady* and deals with the erroneous imposition of multiple convictions for the same offense, and not the imposition of a sentence that is explicitly barred by statute. Moreover, *Wade* did not draw a distinction between a voidable and void offense, while *Davis*, written after *Wade*, did. For this reason, alone, this appellate court has already concluded once that *Davis* is the "better reasoned case." *Hall*, 291 Ill. App. 3d at 416. We agree with that appraisal and in

accordance with *Davis*, for the reasons already discussed above, find that the trial court's judgment was merely voidable.

¶ 29    We similarly find the defendant's citation to *People v. Arna*, 168 Ill. 2d 107 (1995), and *People v. Brown*, 225 Ill. 2d 188 (2007), unavailing. Just as *Wade*, *Arna* and *Brown* held that a sentence that exceeds a statutory maximum or violates the constitution is void and subject to a challenge anytime. See *Brown*, 225 Ill. 2d at 203-04; *Arna*, 168 Ill. 2d at 113. However, unlike the cause at bar, which is analogous to *Coady* and *Davis*, neither *Arna* nor *Brown* dealt with the improper imposition of multiple convictions for the same offense. See *Brown*, 225 Ill. 2d at 203-04 (discussing the voidness of a sentence imposed pursuant to a void sentencing statute); *Arna*, 168 Ill. 2d at 113 (discussing the voidness of an order imposing concurrent sentence terms in violation of specific statutory requirements). Whereas imposing an unavailable sentence renders a circuit court's judgment void because the judgment exceeds the court's legislatively proscribed inherent powers, a court that enters multiple convictions based on the same underlying offense does so in proper exercise of constitutionally derived jurisdiction. See *Coady*, 156 Ill. 2d at 533; *Davis*, 156 Ill. 2d at 157-58.

¶ 30    In a final attempt to circumvent the decision in *Davis*, the defendant attempts to argue that unlike *Wade*, *Arna* and *Brown*, *Davis* dealt only with the improper imposition of multiple convictions for the same offense and does not apply to the improper imposition of multiple sentences. Contrary to the defendant's contention, however, as already discussed above, in *Coady*, which is identical to the cause at bar, and which the defendant neither distinguishes nor attempts to address, our supreme court specifically applied the holding of *Davis* to a situation where a trial court had not only imposed an improper multiple conviction but also an improper multiple sentence, albeit to be served concurrently and not consecutively, and found that such a judgment was nevertheless voidable and not void. See *Coady*, 156 Ill. 2d at 534-35 (holding that defendant's plea of guilty to felony murder predicated on armed robbery and armed robbery, as well as his concurrent sentences of 50 years' imprisonment for murder and 30 years for armed robbery, were not void).

¶ 31    Furthermore, even if we were to accept the defendant's argument, we would nevertheless find that under *Arna* and *Brown*, his sentence was not void. Both *Arna* and *Brown* explicitly held that when the sentence is void, only that part of the sentence that exceeds what the law permits is void and the remainder remains valid. See *Brown*, 225 Ill. 2d at 205 ("while a sentence, or portion thereof, not authorized by statute is void [citation], it is void only to the extent that it exceeds what the law permits. The legally authorized portion of the sentence remains valid."). In the present case, although the defendant was erroneously convicted for both felony murder and the underlying predicate armed robbery offense, his total sentence of 45 years fell squarely within the permissible statutory range for first degree murder, between 20 to 60 years (730 ILCS 5/5-8-1(a)(1)(a) (West 2008) (now 730 ILCS 5/5-4.5-20(a) (West 2010))).

¶ 32    Accordingly, for the reasons articulated above, and compelled by our supreme court's decisions in *Davis* and *Coady*, we conclude that the circuit court's order improperly convicting the defendant of armed robbery in addition to the greater offense of felony murder predicated upon that armed robbery was voidable and not void. Consequently, since the

defendant's section 2-1401 petition was filed outside of the two-year statutory period (735 ILCS 5/2-1401(c) (West 2008)), we hold that the circuit court erred in denying the State's motion to dismiss that petition.

¶ 33                                  III. CONCLUSION

¶ 34        For the aforementioned reasons, we reverse the judgment of the circuit court.

¶ 35        Reversed.