NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170918-U

NO. 4-17-0918

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 11, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| MARKELE D. POWELL, | ) | No. 07CF2066 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appellate counsel's motion to withdraw is granted and the trial court's judgment
affirmed.

¶ 2    In February 2017, defendant, Markele D. Powell, filed a *pro se* petition for relief

from judgment under section 2-1401 of the Code of Civil Procedure (Procedure Code) (735

ILCS 5/2-1401 (West 2016)), challenging his indictment by grand jury. In May 2017, the State

moved to dismiss defendant's petition. The trial court granted the State's motion, finding

defendant's petition untimely and meritless. Defendant appeals the dismissal.

¶ 3    The Office of the State Appellate Defender (OSAD), appointed to represent

defendant on appeal, moved to withdraw as counsel. OSAD argues an appeal in this case would

lack arguable merit. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5            On November 26, 2007, defendant allegedly shot his ex-girlfriend, Indea Dorsey,

with a firearm. He was initially charged with two offenses: aggravated battery with a firearm

(720 ILCS 5/12-4.2(a)(1) (West 2006)) (count I) and attempt (first degree murder) (720 ILCS

5/8-4(a), 9-1(a)(1) (West 2006)) (count II). Two days later, a grand jury subpoena was issued to

Patrick Funkhouser of the Champaign Police Department, directing him to appear before a grand

jury on December 13, 2007. On December 13, 2007, a true bill, signed by the foreman of the

grand jury, indicted defendant for the same charges. The indictment lists Funkhouser as a

witness. A docket entry for December 13, 2007, states, in part, "Indictment returned in open

Court in 02 Counts."

¶ 6            A second true bill, filed with the trial court on January 24, 2008, indicates a grand

jury indicted defendant for an additional count of attempt (first degree murder) (count III). The

same document lists Nate Rath of the Champaign Police Department as a witness. The newly

added count III alleges defendant, with the intent to commit first degree murder, shot Dorsey

with a handgun causing her great bodily harm (720 ILCS 5/8-4, 9-1(a)(1) (West 2006)). A

docket entry for January 24, 2008, states, in part, "Indictment returned in open Court on Count

III."

¶ 7            A jury trial was held on counts I and III. On April 3, 2008, the jury found

defendant guilty of both counts. On May 19, 2008, the trial court found the two offenses merged

and sentenced defendant to 75 years' imprisonment. We affirmed his convictions and sentences

on direct appeal. *People v. Powell*, No. 4-08-0398 (May 28, 2009) (unpublished order under

Illinois Supreme Court Rule 23). Defendant further pursued postconviction relief, arguing the

sentencing enhancement was unconstitutionally vague. *People v. Powell*, 2011 IL App (4th) 100416-U, ¶¶ 2, 7. We affirmed the first-stage dismissal of his postconviction petition. *Id.* ¶¶ 6, 18.

¶ 8            The record indicates defendant first sought copies of his grand jury transcripts in August 2011. In a letter dated August 29, 2011, addressed to Linda Frank, the clerk of the circuit court for Champaign County, defendant stated, "I [am] writing you today because I've never receive[d] my grand jury transcript[,] and I'm asking you to please send me a copy of my grand jury transcript and the names of the people that [were] on the grand jury." Almost 20 months later, defendant, by letter dated April 27, 2013, asked the court to provide him "transcripts from 12-18-07 and grand jury transcripts from 12-13-07 and 1-24-08."

¶ 9            In April 2017, defendant filed his *pro se* petition to vacate judgment. Defendant acknowledged more than two years had elapsed since the entry of the judgment on his conviction, but he maintained the petition was filed with due diligence. Defendant asserted there was no record of the State's filing of a written or oral motion to amend his indictment, no record of a grand jury proceeding, and no record of the names of the state's attorney or the court reporter. Defendant maintains there were no grand jury minutes and no record of a grand jury master list. As to the issue of diligence, defendant wrote he was unable to present his defense earlier as the trial court, the state's attorney, and the court reporter denied his motion and requests for the grand jury transcripts. Defendant further wrote, in his response to the State's motion to dismiss, he "was unaware of such issues."

¶ 10          The State moved to dismiss defendant's section 2-1401 petition. In its motion, the State argued defendant failed to state a recognizable claim under section 2-1401, the petition was

untimely, and the record contradicted defendant's *pro se* allegations.

¶ 11        The trial court granted the State's motion. The court found defendant's petition was untimely and defendant failed to demonstrate due diligence in seeking relief. The court further found, even if the petition were timely filed, the claims were frivolous as they were refuted by the record.

¶ 12        In December 2017, the trial court filed a notice of appeal on defendant's behalf and appointed OSAD to represent defendant on appeal.

¶ 13                                II. ANALYSIS

¶ 14        On appeal, OSAD filed a motion to withdraw as counsel and included a supporting memorandum. Proof of service has been shown on defendant. This court granted defendant leave to file a response on or before October 15, 2019. Defendant failed to respond. Upon review of the record, we find an appeal in this cause would be meritless.

¶ 15        Under section 2-1401, a defendant may obtain relief upon setting forth specific factual allegations in support of each of the following elements: (1) a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the trial court in the original action; and (3) due diligence in filing the section 2-1401 petition. *People v. Pinkonsly*, 207 Ill. 2d 555, 565, 802 N.E.2d 236, 243 (2003). A section 2-1401 petition must be filed no later than two years after entry of the challenged judgment. 735 ILCS 5/2-1401(c) (West 2016).

¶ 16        OSAD is correct defendant's claim is untimely. Defendant was sentenced on May 19, 2008. His section 2-1401 petition was filed nearly nine years after he was sentenced. Because the *pro se* petition was filed more than two years after his conviction and sentence, defendant's petition is untimely. *Id.*

¶ 17 The law allows, however, consideration of an untimely petition when there is a clear showing the person seeking to vacate the judgment was under legal disability or duress or the grounds for relief were fraudulently concealed. *Pinkonsly*, 207 Ill. 2d at 562. Here, defendant does not establish an exception applies. Defendant asserts the delay in the filing of his section 2-1401 petition was due to the trial court's refusal to provide him grand jury transcripts. As OSAD observes, the record demonstrates defendant first requested the grand jury transcripts from the clerk of the circuit court in August 2011, more than one year after the statutory two-year deadline expired. Defendant did not prove due diligence in discovering the defense or claim and in filing his petition.

¶ 18 OSAD further emphasizes void judgment claims may be pursued under section 2-1401. See *People v. Moran*, 2012 IL App (1st) 111165, ¶ 13, 977 N.E.2d 801. OSAD rightfully asserts defendant's claim regarding an improper indictment does not constitute a valid void judgment claim. Claims of voidness may be based on either a lack of personal or subject-matter jurisdiction or because the statute at issue is void *ab initio*. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 43 N.E.3d 984. An allegedly invalid indictment does not deprive a trial court of jurisdiction. See *People v. Benitez*, 169 Ill. 2d 245, 256, 661 N.E.2d 344, 349-50 (1996) ("[J]urisdiction is not conferred by information or indictment, but rather by constitutional provisions."). In addition, the record establishes defendant has no colorable argument regarding a lack of personal jurisdiction as he repeatedly appeared in court.

¶ 19 There is no colorable argument defendant's petition was timely.

¶ 20 OSAD further properly concludes there is no arguable merit to defendant's claim the absence of grand jury records constitutes a meritorious defense. Defendant's contentions

imply no grand jury proceedings were held. The record refutes this claim.

¶ 21                           III. CONCLUSION

¶ 22          For the reasons stated, we grant OSAD's motion and affirm the trial court's

judgment.

¶ 23          Affirmed.