# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Johnson*, 2012 IL App (1st) 111378

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OMAR JOHNSON, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1378 |
| Filed | June 19, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The costs and fees imposed on defendant for the frivolous filing of a petition under section 2-1401 of the Code of Civil Procedure seeking relief from his criminal convictions were upheld on appeal, including the provision for the deduction of those fees from defendant's prisoner account. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 97-CR-25837; the Hon. Carol A. Kipperman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Anne E. Carlson, and Miriam Sierig, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.

Justices Cunningham and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1 After unsuccessful efforts to overturn the sentences for his criminal convictions on direct appeal and via a postconviction collateral attack, defendant filed a motion for relief from judgment pursuant to section 2-1402 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2008). Finding the merits of defendant's motion frivolous, the circuit court dismissed the motion and ordered $155 in costs and fees assessed against the defendant pursuant to section 22-105 of the Code of Civil Procedure. 735 ILCS 5/22-105 (West 2008). Defendant's appeal does not take issue with the court's substantive finding regarding the frivolous nature of the merits of his petition. It challenges only the court's authority to assess costs and fees against him for engaging in the frivolity.

¶ 2 For the reasons stated below, we affirm both the amount of fees and costs assessed and the method of collection.

¶ 3 BACKGROUND

¶ 4 On March 10, 1999, the defendant was found guilty by a jury of first degree murder, armed robbery, aggravated kidnaping, aggravated vehicular hijacking and concealment of a homicide. Defendant received natural life for the murder, 60 years' imprisonment for the robbery, kidnaping and hijacking convictions and 10 years' imprisonment for concealing the homicide. Defendant appealed the sentences he received, and after much litigation, they were ultimately affirmed in 2004.

¶ 5 In 2005, defendant filed a postconviction petition. The trial court found his petition patently without merit and dismissed it as frivolous. Defendant appealed. Defendant's assigned attorney from the State Appellate Defender's office filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). This court allowed the motion and affirmed the circuit court's judgment on October 19, 2006.

¶ 6 More than two years later, on December 26, 2008, defendant filed a petition for relief from judgment pursuant to section 2-1401. The trial court summarily dismissed the petition

-2-

without requiring a response from the State. On appeal, the parties stipulated that the dismissal was in error. This court issued a summary order remanding the case for further proceedings. After further litigation and at the suggestion of the State, defendant was allowed to voluntarily dismiss his original section 2-1401 petition and file a new one. The trial court granted the State's motion to dismiss defendant's new section 2-1401 petition. The court specifically found the petition was untimely filed and the merits of defendant's new petition were frivolous. The court assessed fees and costs against the defendant totaling $155 as follows: $90 for filing costs of the section 2-1401 petition; $50 for the State's Attorney's fee in defending against the petition; and $15 in mailing fees. All amounts were to be deducted from the defendant's prisoner trust account maintained by the Illinois Department of Corrections (IDOC).

¶ 7    Defendant appeals both the court's assessment of the $90 filing fee and the $50 State's Attorney fee, but not the $15 mailing fees against him. He also challenges IDOC's authority to deduct the $90 fee from his prisoner account.

¶ 8                                              ANALYSIS

¶ 9    Defendant concedes for purposes of this appeal that his section 2-1401 petition was both untimely and frivolous as he does not appeal the circuit court's rulings on those issues. This was not the first time this defendant's pleadings were found to be frivolous. Engaging in such frivolity has caused the State to spend money in defense of his petition and the court system to spend money processing and ruling on his petition. The $155 assessed against the defendant was nowhere close to the actual amounts expended.

¶ 10    Defendant relies on the wording of section 22-105(a) of the Code of Civil Procedure, which makes a prisoner who files frivolous pleadings "responsible for the full payment of filing fees and court costs" but then allows IDOC to only collect "court costs." 735 ILCS 5/22-105(a) (West 2008). Further, defendant argues that the trial court did not have the authority to assess a $90 filing fee because no filing fee was required by the court when he filed his section 2-1401 petition. Additionally, he argues against the imposition of the $50 State's Attorney fee for having to defend his frivolous pleading.

¶ 11    In *Okumura v. Nisei Bowlium, Inc.*, 43 Ill. App. 3d 753, 755 (1976), the court observed that a section 2-1401 petition is considered a pleading in a new civil cause of action and, as such, must be filed just as a complaint is filed. The purpose of allowing the circuit court to assess fees and costs under section 22-105 is to decrease the number of frivolous petitions filed by inmates. *People v. Conick*, 232 Ill. 2d 132, 141 (2008). Here, costs and fees are only assessed against the inmate after the filing is found to be frivolous. Therefore, no financial burden is placed on the inmate prior to a finding of frivolity. In fact, the statute the circuit court relied on in assessing fees and costs specifically provides that no inmate is prohibited from filing any pleading based on an inability to pay. 735 ILCS 5/22-105(a) (West 2008); *People v. Carter*, 377 Ill. App. 3d 91, 102 (2007); *People v. Gale*, 376 Ill. App. 3d 344, 361 (2007). The defendant's argument, therefore, fails. The $90 filing fee was appropriately assessed for the filing of this section 2-1401 petition after the court's finding that the petition was frivolous.

¶ 12    Defendant argues that the circuit court erred in allowing IDOC to deduct his prisoner account for the filing fee because the statute only allows "any court costs" to be deducted from his account. The argument goes that because filing fees are not court costs, IDOC could not deduct the filing fee. This court has previously rejected this argument and we find no reasons to deviate from this court's ruling in *People v. Smith*, 383 Ill. App. 3d 1078, 1097 (2008), which held that the $90 filing fee is consistent with the legislature's broad use of the term "any court costs" to include filing fees. In fact, the supreme court has agreed with the interpretation that a cost includes filing fees because a cost compensates for services as distinguished from a fine, which is punishment for a criminal conviction. *People v. Smith*, 383 Ill. App. 3d 1078, 1094 (2008) (citing *People v. Jones*, 223 Ill. 2d 569, 581-82 (2006)). Defendant provides us with no new arguments. See also *People v. Coleman*, 2011 IL App (1st) 091005, ¶ 48; *People v. Dixon*, 409 Ill. App. 3d 915 (2011). We find that the filing fee in this case can be deducted from the defendant's prisoner account pursuant to section 22-105(a).

¶ 13    Finally, defendant argues that the court improperly relied on section 4-2002.1 of the Counties Code (55 ILCS 5/4-2002.1 (West 2010)), when it assessed a $50 fee to the State's Attorney's office for defending this frivolous section 2-1401 petition because, although the statute generally allows the fee for *habeas corpus* cases, it does not specifically mention a section 2-1401 petition for relief from judgment. The statute, in pertinent part, states: "State's attorneys shall be entitled to the following fees: *** For each day actually employed in the hearing of a case of habeas corpus in which the people are interested, $50." 55 ILCS 5/4-2002.1(a) (West 2010). Again, we find that the statute refers to *habeas corpus* proceedings generically and is meant to encompass frivolous section 2-1401 petitions for relief from judgment. In his reply brief, the defendant relies upon *People v. Gutierrez*, 2011 IL App (1st) 093499, involving a successive postconviction petition, which held that when the State had not been called upon to defend against a postjudgment petition that was summarily dismissed, no fee was warranted. In this case, the assistant State's Attorney actively defended the State's position on the defendant's petition, made numerous court appearances and filed a six-page written response. Just as the term, referred to above, "any court costs" is used generically, the $50 State's Attorney fee applies to all collateral proceedings and the term "*habeas corpus*" when identifying what proceedings the State may recover a fee for is used generically, as well. Just as the *Smith* court found the statutory language of section 22-105(a) to be very broad and "shows the legislature's intention to include all types of *pro se* filings by prisoners seeking postconviction relief" (*People v. Smith*, 383 Ill. App. 3d 1078, 1092 (2008)), we find the $50 State's Attorney fee to be statutorily authorized. The legislative history for assessing these types of fees and costs clearly indicates the statutes were meant to deter frivolous filings, which impedes access to the courts by those with meritorious claims. *People v. Jarrett*, 399 Ill. App. 3d 715, 729 (2010).

¶ 14    Accordingly, we affirm the order of the circuit court which assessed defendant $155 in costs and fees for a frivolous filing and IDOC's ability to deduct those fees from the defendant's prisoner account.

¶ 15    Affirmed.