# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Gray*, 2013 IL App (1st) 112572

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCOS GRAY, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-2572 |
| Filed | April 11, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's petition under section 2-1401 of the Code of Civil Procedure alleging that his mandatory life sentence for first degree murder was void on the ground that it violated the prohibition against cruel and unusual punishment pursuant to *Miller* because defendant was 16 at the time of his offense was properly dismissed, since his sentence was merely voidable, not void, and he did not file his petition within the two-year statutory limitation, but defendant may raise the issue before a postconviction court. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 93-CR-20392-02; the Hon. Colleen Ann Hyland, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Rachel Moran, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People.

Panel

PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion.

Justices Epstein and Pucinski concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Marcos Gray appeals from the dismissal of his petition filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Following a jury trial, defendant was convicted via accountability theory of the 1993 first degree murder and attempted armed robbery of Sheila Doyle committed when defendant was age 16. Having previously been convicted of first degree murder, defendant was sentenced to a mandatory term of life imprisonment on his murder conviction and 15 years' imprisonment on his attempted armed robbery conviction. Relying on *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), defendant now contends his mandatory life sentence is void because it violates the federal constitution's prohibition against cruel and unusual punishment. The State responds that *Miller* does not render defendant's sentence void and, regardless, *Miller* constitutes a new rule of law that cannot be applied retroactively on collateral review. We affirm, while noting that defendant may raise this issue before the postconviction court.

¶ 2                                    BACKGROUND

¶ 3    Via various procedural peregrinations, defendant's case has resolutely moved through the interstices of the justice system. Following defendant's first jury trial, this court reversed and remanded the cause for a new trial after concluding the trial court had erred in denying defendant's motion to suppress. See *People v. Gray*, No. 1-96-0278 (1998) (unpublished order under Supreme Court Rule 23). Evidence at retrial showed that defendant and two friends followed the victim, Doyle, in their car until she parked in her garage on the south side of Chicago. Defendant and codefendant Antwon Tyler entered the garage, a gunshot issued, and when they reemerged, Tyler informed the third cohort that he had shot Doyle, whose body was later discovered in the trunk of her car. Fingerprints and palm prints from codefendant and defendant were also found on the trunk lid. As stated, the jury found defendant guilty via accountability of first degree murder and attempted armed robbery. Because defendant already had been convicted of first degree murder, which he committed as a principal mere months before Doyle's murder, the trial court sentenced defendant in

-2-

2000 to a mandatory life term, as well as 15 years for attempted armed robbery to run concurrently. See 730 ILCS 5/5-8-1(a)(1)(c)(i) (West 1992); *People v. Gray*, No. 1-95-2932 (1998) (unpublished order under Supreme Court Rule 23). This court affirmed defendant's convictions on direct appeal. See *People v. Gray*, No. 1-00-4122 (2002) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4       In December 2001, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)) alleging that his appellate counsel was ineffective for failing to raise certain issues on appeal and trial counsel was ineffective for failing to file pretrial motions. The petition reached second-stage proceedings and lingered in the system for some eight years before the circuit court dismissed the petition in April 2010. Defendant appealed from that dismissal arguing that the circuit court violated his right to represent himself *pro se* in postconviction proceedings when it denied his requests to proceed *pro se* and struck his *pro se* amendments to his petition. This court very recently agreed, concluding the circuit court abused its discretion by failing to properly consider defendant's request to proceed *pro se*. *People v. Gray*, 2013 IL App (1st ) 101064, ¶ 27. We remanded the case for further consideration consistent with our opinion. *Id*.

¶ 5       Meanwhile, in the midst of his postconviction appeal, in December 2010, defendant, acting *pro se*, filed this section 2-1401 petition in which he asserted his conviction and sentence were void. Defendant argued the trial court lacked subject matter jurisdiction over his case because the indictment cited the Illinois Revised Statutes rather than the Illinois Compiled Statutes in reference to the murder charge. The State filed a motion to dismiss, arguing defendant's conviction and sentence were not void and the petition was not otherwise filed in a timely manner, thus effecting waiver and barring any relief. The circuit court granted the State's motion, and this appeal followed.

¶ 6                                    ANALYSIS

¶ 7       Section 2-1401 establishes a comprehensive statutory procedure allowing for vacatur of a final judgment older than 30 days. 735 ILCS 5/2-1401 (West 2010); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). To obtain relief, the defendant must show proof of a defense or claim that would have precluded entry of the judgment in the original action and diligence in discovering that defense or claim and presenting the petition. *Id*. at 7-8. The statute ordinarily is used to correct errors of fact (*People v. Lawton*, 212 Ill. 2d 285, 297 (2004)), and with certain exceptions not applicable here, the statute provides that petitions must be filed not later than two years after entry of the order or judgment. *Id*. The two-year limitation, however, does not apply to petitions brought on voidness grounds. *People v. Moran*, 2012 IL App (1st) 111165, ¶ 13. Our review of the dismissal in this case is *de novo*. See *Vincent*, 226 Ill. 2d at 18.

¶ 8       Here, for the purposes of analyzing defendant's claim under section 2-1401, defendant's conviction became final in 2000, when he was sentenced pursuant to section 5-8-1(a)(1)(c)(i) of the Unified Code of Corrections (730 ILCS 5/5-8-1(a)(1)(c)(i) (West 1992)), which provides that if a defendant is facing his second murder conviction, "the court shall sentence the defendant to a term of natural life imprisonment." Ten years later, in 2010, defendant

filed the instant section 2-1401 petition. In his petition, defendant acknowledged the two-year statutory limitation, but essentially maintained it did not apply because he was challenging his conviction and sentence as void on the basis of a miscited statute in the indictment. On appeal, defendant admittedly has abandoned that specific reasoning, and now argues his sentence is void under *Miller v. Alabama*. Defendant reasons that a sentence which exceeds statutory maximums or violates the constitution is void from its inception and may be challenged at any time.

¶ 9        In *Miller v. Alabama*, the United States Supreme Court recently held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the eighth amendment's prohibition against cruel and unusual punishments. *Miller*, 567 U.S. at ___, 132 S. Ct. at 2460. In so holding, the court did not foreclose a sentencer's ability to impose life without parole on juvenile offenders, although it expected "this harshest possible penalty will be uncommon." *Id*. at ___, 132 S. Ct. at 2469. Rather, the court stated a sentencing judge must take into account how children are different from adults before imposing a lifetime of incarceration. *Id*. at ___, 132 S.Ct. at 2469. Consistent with *Miller v. Alabama*, in *People v. Miller*, 202 Ill. 2d 328 (2002), our supreme court had already held that imposing a mandatory sentence of life without parole on a juvenile offender convicted of murdering more than one victim under a theory of accountability, and without considering the facts of the crime, including the defendant's age, offended the Illinois Constitution's proportionate penalties clause and thus was unconstitutional as applied. As in the federal *Miller v. Alabama* opinion, our court emphasized the decision "does not imply that a sentence of life imprisonment for a juvenile offender convicted under a theory of accountability is never appropriate." *Miller*, 202 Ill. 2d at 341.

¶ 10        While the State acknowledges the holding in *Miller v. Alabama*, the State contends that case does not render defendant's sentence void. Indeed, a judgment is void, as opposed to voidable, only if the court that entered it lacked jurisdiction. *People v. Mescall*, 379 Ill. App. 3d 670, 673 (2008). Jurisdictional failure can result from a court's lack of personal or subject matter jurisdiction or, relevant to this case, the court's lack of power to render the particular judgment. *Id*. Jurisdiction or the power to render a particular judgment does not necessarily mean that the judgment rendered must be one that should have been rendered; indeed, the power to decide carries with it the power to decide wrong, as well as right, and a court will not lose jurisdiction merely because it makes a mistake in the law, the facts, or both. *Moran*, 2012 IL App (1st) 111165, ¶ 17. The principle follows: that which is unconstitutional is not necessarily void. *People v. Morfin*, 2012 IL App (1st) 103568, ¶ 31. A statute that is unconstitutional on its face–that is, where no set of circumstances exists under which it would be valid–is void *ab initio*, while a statute that is merely unconstitutional as applied is not. *Id*.

¶ 11        As this court noted of late, *Miller v. Alabama* does not affect the validity of the natural life imprisonment statute as to nonminor defendants, so that the statute is not unconstitutional on its face. See *Morfin*, 2012 IL App (1st) 103568, ¶ 40; see also *People v. Williams*, 2012 IL App (1st) 111145, ¶ 47 (holding same). Moreover, *Miller* does not deprive or divest any state or court of the authority to sentence a defendant who was a minor at the time of his offense, like defendant, to a natural life of imprisonment for committing homicide

-4-

after already having obtained a murder conviction. See *Morfin*, 2012 IL App (1st) 103568, ¶ 40. Thus, although the mandatory imposition of a life sentence might have violated defendant's constitutional rights, that violation did not divest the trial court of jurisdiction over him. See *Mescall*, 379 Ill. App. 3d at 674; see also *People v. Davis*, 156 Ill. 2d 149, 157 (1993) (noting that there are many rights belonging to litigants which a court may not properly deny and, yet, if denied, do not oust the court of jurisdiction or render the proceedings null and void); *cf. People v. Santana*, 401 Ill. App. 3d 663, 666 (2010) (affirming dismissal of untimely section 2-1401 petition in spite of potential *Whitfield* violation because the "trial court clearly had the power to impose the sentences" and, thus, the defendant's sentence was not void). As such, defendant's sentence is merely voidable if challenged in a timely manner. See *Mescall*, 379 Ill. App. 3d at 673-74.

¶ 12    Therein lies the procedural rub. Defendant did not challenge his conviction under section 2-1401 in a timely manner. The State argued this below and, in his petition, defendant essentially conceded this point, instead contending the viability of his petition rested on defendant's assertion of voidness. Because we have concluded that defendant's sentence is not void and because defendant did not file his section 2-1401 petition within the two-year statutory limitation, we cannot grant defendant the relief he seeks. See *People v. Caballero*, 179 Ill. 2d 205, 210-11 (1997) (where a section 2-1401 petition is filed beyond two years after the judgment, it cannot be considered absent a clear showing that the exceptions apply). We would add that the original claim set forth in defendant's section 2-1401 petition is different from the claim before us on appeal and, had the State argued this issue now, it would be another basis for affirming the dismissal of defendant's section 2-1401 petition. See *People v. Bramlett*, 347 Ill. App. 3d 468, 475 (2004) (finding that the defendant failed to raise the issue in his petition, thus forfeiting it for consideration on appeal). In that sense, we disagree with the just-issued *People v. Luciano*, 2013 IL App (2d) 110792, ¶ 48, which determined that the defendant relying on *Miller v. Alabama* had raised "a proper voidness challenge to his sentence," because "a sentence that contravenes the Constitution may be challenged at any time." The court reached this conclusion even though the defendant had not raised that argument below or in his postconviction petition. While it might be true that generally a constitutional challenge to a criminal statute can be raised for the first time on appeal (see *In re J.W.*, 204 Ill. 2d 50, 61 (2003)), our research has not disclosed the application of that principle to the situation before us, where the defendant filed an untimely section 2-1401 petition, failed to establish an exception to the untimeliness, and also failed to establish a claim of voidness. But see *People v. Wagener*, 196 Ill. 2d 269, 279-80 (2001) (as-applied challenge involving *Apprendi* sentencing statute was not waived on direct review because a party may challenge the constitutionality of a statute at any time); *cf. In re Parentage of John M.*, 212 Ill. 2d 253, 268 (2004) (concluding a court of review is not capable of making an "as applied" determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact below, making such a constitutional challenge premature); *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 32 (holding same). As stated, logic does not dictate that an as-applied constitutional violation necessarily ousts a court of jurisdiction making a defendant's sentence void. In the specific context of section 2-1401, *Luciano*'s conclusion simply is not viable.

¶ 13        We emphasize that our disposition does not mean defendant is without recourse, to the extent any error might have occurred in this case. Defendant may raise the present sentencing issue before the circuit court through the Post-Conviction Hearing Act (see 725 ILCS 5/122-1 (West 2010)), which permits a defendant to challenge his conviction based on a deprivation of constitutional rights. In fact, defendant already argued in his *pro se* amendment to his initial postconviction petition, an amendment filed in January 2010, that his natural life sentence was improper because he did not kill Doyle and was unaware of any plan to rob Doyle. See *Gray*, 2013 IL App (1st) 101064, ¶ 17. As stated, this court remanded that case to the circuit court to reconsider defendant's petition in light of his request to proceed *pro se*. Should defendant argue the impropriety of his sentence in the context of *Miller*, it would behoove the circuit court to consider the precedent surrounding *Miller* in light of the direct appeal record, which demonstrates for all intents and purposes that defendant received a sentencing hearing, including argument in mitigation and aggravation, as well as the presentation of victim impact statements and defendant's own elocution. Although the trial court declared defendant deserving of a life sentence at the conclusion of the sentencing hearing, on denying defendant's motion to reduce his sentence, the court stated: "I do not have any discretion, that with the prior conviction, the murder, and the Defendant, after being found guilty by the jury on this case, that is the only sentence I could impose, and that is the sentence I did impose." If defendant raises this issue in postconviction proceedings and if that court determines the trial court sentenced defendant solely based on the mandatory nature of the statute, we lastly observe that a sentencing hearing in which the trial court believes a life sentence is mandatory differs markedly from a sentencing hearing in which the court knowingly exercises discretion between imposing natural life and a term of years.

¶ 14                                    CONCLUSION

¶ 15        For the reasons stated, we affirm the dismissal of defendant's section 2-1401 petition.

¶ 16        Affirmed.