# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Chambers*, 2013 IL App (1st) 100575

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT CHAMBERS, Defendant-Appellant. |
| District & No. | First District, Second Division <br> Docket No. 1-10-0575 |
| Filed <br> Rehearing denied | August 13, 2013 <br> September 11, 2013 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's successive postconviction petition based on the finding that the petition was frivolous was affirmed, but the trial court was directed on remand to vacate the language in its order instructing the clerk of the circuit court not to accept further filings from defendant until the sanction imposed on him by the trial court was paid, since the order conflicted with section 22-105(a) of the Code of Civil Procedure, which allows a prisoner to file an action if he is unable to pay court costs, and defendant could file another successive petition properly challenging his mandatory life sentence. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 94-CR-4431 (03); the Hon. Vincent M. Gaughan, Judge, presiding. |
| Judgment | Affirmed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Holly J.K. Schroetlin, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Joan F. Frazier, and Joseph Alexander, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Quinn and Simon concurred in the judgment and opinion.

## OPINION

¶ 1    The circuit court denied defendant, Scott Chambers, leave to file a successive postconviction petition, defendant's third, finding the petition was frivolous. Relevant to this appeal, the circuit court added the following language to its order: "[defendant] is hereby fined $105.00 and the Clerk of the Circuit Court will be instructed not to accept any further filings from [defendant] until his sanction has been satisfied in full." Defendant does not contest the circuit court's finding that the petition was frivolous, nor does he contest the imposition of the $105 "fine"; rather, he asks this court to remand the matter to the circuit court and order it to strike the portion of the order instructing the clerk of the circuit court to not accept future filings from him until the fees are paid.

¶ 2    In supplemental briefing before this court, defendant, who was 17 years of age at the time of the offense, asks this court to review whether his mandatory life sentence without the possibility of parole should be vacated due to the Supreme Court's recent decision in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). Defendant asserts that supplemental briefing before this court is an appropriate way to challenge his sentence arguing that a void sentence is subject to challenge at any time.

¶ 3    At issue is whether the language the circuit court added prohibiting the clerk of the circuit court from accepting future filings from defendant until his sanction is paid in full should be vacated on remand and whether supplemental briefing before this court is the appropriate method for defendant in this case to challenge his sentence based on *Miller*. We hold that upon remand, the circuit court must vacate the following language from its order denying defendant leave to file a successive postconviction petition: "the Clerk of the Circuit Court will be instructed not to accept any further filings from [defendant] until his sanction has been satisfied in full." The portions of the circuit court's order finding defendant's successive petition frivolous and assessing $105 in fees against defendant are affirmed as defendant did not challenge these findings on appeal. We reject defendant's contention that his sentence is void and hold the sentencing issue he raised in supplemental briefing before this court is

waived because defendant did not include it in his successive petition. We note that defendant is not prohibited from filing a successive petition raising his sentencing issue based on *Miller* provided he abides by the requirements of section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2010)).

¶ 4                                    JURISDICTION

¶ 5     On January 22, 2010, the circuit court denied defendant leave to file a successive postconviction petition. Defendant timely appealed on February 17, 2010. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 651. Ill. S. Ct. R. 651 (eff. Feb. 6, 2013).

¶ 6                                    BACKGROUND

¶ 7     All pertinent factual background information concerning defendant's trial and initial appeal is well stated in this court's 1998 order and does not need to be restated here. *People v. Chambers*, No. 1-96-0501 (1998) (unpublished order under Supreme Court Rule 23). Below, we will discuss relevant facts from defendant's sentencing hearing and his current successive postconviction petition.

¶ 8     Defendant was convicted by a jury of two counts of first degree murder, two counts of armed robbery, one count of aggravated criminal sexual assault, and one count of aggravated vehicular hijacking. The conduct on which defendant's convictions are based occurred on January 13, 1994, when defendant was 17 years of age. He was sentenced concurrently to two terms of natural-life imprisonment for murder, three 25-year terms for armed robbery and aggravated criminal sexual assault, and one 15-year term for his conviction for aggravated criminal sexual assault. Relevant to this appeal, defendant's sentence of natural life imprisonment was pursuant to the mandatory sentencing provisions found in section 5-8-1(a)(1)(c)(ii), (v) of the Unified Code of Corrections. 730 ILCS 5/5-8-1(a)(1)(c)(ii), (v) (West 1994).

¶ 9     During the sentencing hearing, the State informed the circuit court of the law regarding defendant's sentence, stating:

"He's 17, Judge, so under the law in Illinois we're here to sentence him and you're bound to follow the law and I know this court will do so. He's not eligible for the death penalty nor is he eligible to be sentenced to anything less than natural life imprisonment. The people who we elect as free, democratic people to serve in the General Assembly decided many years ago for this type of crime, for this special category of crime mitigation and aggravation is irrelevant. We have decided as a people that when someone commits this type of very narrow category of crime that is so horrible we are entitled to wash our hands of [defendant] and to banish him from our community and to send him for the rest of his natural life to live in the penitentiary. And thats the sentence we're asking you to impose on him, Judge."

The State added further "[t]his is a fair sentence" and it "is a sentence required under law." Defendant's counsel, during his argument, noted, "I know that the Court cannot do anything

beyond what the law requires where there is a double homicide." Before sentencing defendant to a natural life sentence without parole, the circuit court judge noted, "I don't take any pleasure out of sentencing a young man to the sentence of this gravity but it is the law and I'm bound by the law."

¶ 10     Defendant appealed his initial conviction and sentence alleging that his conviction for aggravated criminal sexual assault must be reversed because the State failed to present any evidence independent of his own statement to establish the *corpus delicti* of that crime and that his counsel was ineffective by admitting to his guilt during opening statements. This court affirmed his conviction and sentence. *People v. Chambers*, No. 1-96-0501 (1998) (unpublished order under Supreme Court Rule 23).

¶ 11     In August of 1999, defendant filed a *pro se* petition for postconviction relief arguing that his right to a speedy trial was violated and that his counsel was ineffective. The circuit court summarily dismissed the petition pursuant to section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2004)). Defendant did not appeal the dismissal of his postconviction petition.

¶ 12     On August 25, 2000, defendant filed a successive petition, his second petition, alleging a claim based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The circuit court dismissed the petition. On appeal, the appellate defender assigned to represent defendant moved to withdraw from the case on the grounds that the petition had no merit. This court granted the motion to withdraw and affirmed the decision of the circuit court on July 3, 2003. *People v. Chambers*, No. 1-02-3031 (2003) (unpublished order under Supreme Court Rule 23).

¶ 13     On July 21, 2009, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)). The circuit court, on October 2, 2009, pursuant to *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005), notified defendant it intended to recharacterize the petition as a successive postconviction petition, defendant's third.

¶ 14     Defendant elected to amend his petition, filing his third petition on November 13, 2009. In his third petition, defendant alleged he received ineffective assistance of counsel from his appellate counsel on direct appeal, and from fellow inmates who drafted his previous two petitions. According to defendant, both his appellate counsel and his fellow inmates failed to allege that his trial counsel was ineffective and failed to challenge his sentence where section 5-8-1(a)(1)(b) of the Unified Code of Corrections had been held unconstitutional.[1] According to defendant, this was pertinent because section 5-8-1(a)(1)(c)(ii), which he was sentenced under, "is subject to and/or completely dependent on, and was in effect at the time [he] committed the crimes he has been convicted of." Defendant claimed "extraordinary circumstances" prevented him from submitting his claims earlier.

¶ 15     On January 22, 2010, the circuit court denied defendant leave to file his successive petition, finding that defendant failed to demonstrate that the rule prohibiting successive petitions should be relaxed. The circuit court further found that "the factual assertions relied upon by [defendant] in the instant petition were available to him at the time of his initial

---

[1]We note that defendant was sentenced under sections 5-8-1(a)(1)(c)(ii) and (v) of the Unified Code of Corrections, not section 5-8-1(a)(1)(b).

petition was filed" and that defendant "failed to identify any objective factor which impeded his efforts to raise the claim in the earlier proceedings." The circuit court found that defendant failed to show cause by merely arguing that ineffective assistance of counsel caused him to improperly present his previous petitions. Additionally, the circuit court found that defendant did not show prejudice because even if he had presented his claim earlier, there was "scant possibility" that he would have prevailed. The circuit court added that defendant made "no showing that the absence of the claim now presented so infected the trial that his resulting conviction or sentence violated due process."

¶ 16    At the end of its order denying defendant leave to file a successive petition, the circuit court added the following language: "[defendant] is hereby fined $105.00 and the Clerk of the Circuit Court will be instructed not to accept any further filings from [defendant] until his sanction has been satisfied in full." Defendant timely appealed on February 17, 2010.

¶ 17    On February 9, 2012, defendant filed his opening brief before this court, arguing only that the circuit court exceeded its authority when it barred the clerk of the circuit court from accepting any future filings until his fine was paid.

¶ 18    On June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), which held that mandatory life sentences without parole for defendants under the age of 18 at the time of their crimes is a cruel and unusual punishment, and, thus, violates the eighth amendment. *Id.* at ___, 132 S. Ct. at 2460.

¶ 19    On August 17, 2012, defendant filed his supplemental brief, relying on *Miller*, to argue that his life sentence is void, and asked that the matter be remanded to the circuit court for resentencing.

¶ 20                                ANALYSIS

¶ 21    Defendant filed a brief addressing the circuit court's denial of his successive postconviction petition in which the circuit court prohibited the clerk of the circuit court from accepting future filings from defendant until his sanction was satisfied and a supplemental brief addressing his sentence. We will address both issues in turn below.

¶ 22                    Successive Postconviction Petition

¶ 23    Before this court, defendant argues that the portion of the circuit court's order denying him leave to file a successive postconviction petition that prohibits him from making future filings until his sanction is paid off is void. He does not argue that he should not have been fined nor does he contest that the filing was frivolous. Defendant asserts that the circuit court's order prohibiting future filings until his sanction is paid conflicts with section 22-105(a) of the Code, which states, "[n]othing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs." 735 ILCS 5/22-105(a) (West 2010). Defendant maintains that the relevant section of the circuit court's order is void and that this court should order the circuit court to strike the offending language and to issue a corrected order. According to defendant, our review is *de novo* because it concerns the statutory authority of the circuit court's order.

¶ 24     The State, in response, argues that the circuit court properly exercised its inherent authority by instructing the clerk of the circuit court to not accept any more filings from defendant until he paid the imposed court costs. The State further argues that Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. July 1, 2013)) provides the statutory basis for the circuit court's actions. According to the State, we should review defendant's claim for an abuse of discretion because it involves the circuit court's use of its discretion in sanctioning defendant.

¶ 25     Initially, we agree with defendant regarding the proper standard of review in this case. Issues raised addressing the circuit court's statutory authority are subject to *de novo* review. *People v. Alexander*, 369 Ill. App. 3d 955, 957 (2007). Furthermore, *de novo* review is appropriate when interpreting a statute. *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). Accordingly, we will review this issue *de novo*.

¶ 26     Section 22-105 of the Code, titled "Frivolous lawsuits filed by prisoners," provides, in relevant part:

> "If a prisoner confined in an Illinois Department of Corrections facility files a pleading, motion, or other filing which purports to be a legal document in a case seeking post-conviction relief under Article 22 of the Code of Criminal Procedure of 1963 *** and the Court makes a specific finding that the pleading, motion, or other filing which purports to be a legal document filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs.
>
> On filing the action or proceeding the court shall assess and, when funds exist, collect as a partial payment of any court costs required by law a first time payment of 50% of the average monthly balance of the prisoner's trust fund account for the past 6 months. Thereafter 50% of all deposits into the prisoner's individual account *** administered by the Illinois Department of Corrections shall be withheld until the actual court costs are collected in full. The Department of Corrections shall forward any moneys withheld to the court of jurisdiction. If a prisoner is released before the full costs are collected, the Department of Corrections shall forward the amount of costs collected through the date of release. The court of jurisdiction is responsible for sending the Department of Corrections a copy of the order mandating the amount of court fees to be paid. *Nothing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs*." (Emphasis added.) 735 ILCS 5/22-105 (West 2010).

The purpose of section 22-105 of the Code is "to curb the large number of frivolous collateral pleadings filed by prisoners which adversely affect the efficient administration of justice, and to compensate the courts for the time and expense incurred in processing and disposing of them." *People v. Conick*, 232 Ill. 2d 132, 141 (2008).

¶ 27     Our paramount consideration when interpreting a statute is to give effect to the intent of the legislature. *People v. Hari*, 218 Ill. 2d 275, 292 (2006). "The best evidence of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning." *Id.* " 'In determining the plain meaning of a statute's terms, we consider the statute in its entirety, keeping in mind the subject it addresses, and the apparent intent of the legislature in enacting the statute.' " *Conick*, 232 Ill. 2d at 138 (quoting *Orlak v. Loyola*

*University Health System*, 228 Ill. 2d 1, 8 (2007)). Furthermore, the statutory language must be given "the fullest, rather than narrowest, possible meaning to which it is susceptible." *Id.*

¶ 28    In this case, we hold that the section of the circuit court's order stating "the Clerk of the Circuit Court will be instructed not to accept any further filings from [defendant] until his sanction has been satisfied in full" conflicts with the plain and ordinary language of section 22-105 of the Code (735 ILCS 5/22-105 (West 2010)), which provides that "[n]othing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs." The circuit court in this case effectively prohibited defendant from making future filings based on court costs assessed, despite the clear language stating otherwise in section 22-105 of the Code. 735 ILCS 5/22-105 (West 2010). Therefore, the circuit court erred when it included this language into its order denying defendant leave to file his successive petition.

¶ 29    We find further support for our holding in our supreme court's decision in *People v. Alcozer*, 241 Ill. 2d 248 (2011). In *Alcozer*, the defendant challenged the constitutionality of the imposition of fees pursuant to section 22-105 of the Code. *Id.* at 259-65 (citing 735 ILCS 5/22-105 (West 2006)). In responding to the defendant's argument that the fees imposed violated his due process rights, our supreme court held:

> "From a plain reading of section 22-105, we determine that the statute does not impinge upon a prisoner's fundamental right to access to the courts because fees are assessed only after a legal document is found to be frivolous. At most, the statute only affects a prisoner's right to file frivolous legal documents without being responsible for the costs, *but does not prohibit prisoners from exercising their right to petition for postconviction relief.*" (Emphasis added.) *Id.* at 260.

Our holding in this case is consistent with the *Alcozer* court's holding that section 22-105 "does not prohibit prisoners from exercising their right to petition for postconviction relief." *Id.*; see also *People v. Johnson*, 2012 IL App (1st) 111378, ¶ 11 (pointing out that section 22-105 of the Code "specifically provides that no inmate is prohibited from filing any pleading based on the inability to pay" (citing 735 ILCS 5/22-105(a) (West 2008)); *People v. Gale*, 376 Ill. App. 3d 344, 361 (2007). Allowing the circuit court to prohibit defendant's right to file postconviction relief would be contrary to the plain language of section 22-105 of the Code.

¶ 30    We reject the State's contention that Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. July 1, 2013)) applies in this case. Illinois Supreme Court Rule 137 provides, in relevant part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party,

or both, an appropriate sanction ***." Ill. S. Ct. R. 137 (eff. July 1, 2013).

We disagree with the State's contention because a comparison of Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. July 1, 2013)) with section 22-105 of the Code (735 ILCS 5/22-105 (West 2010)) shows that section 22-105 of the Code is the more specific provision addressing frivolous filings made by prisoners, which is at issue in this case. It is a fundamental rule of statutory construction that a specific provision prevails over a general provision. *People v. Latona*, 184 Ill. 2d 260, 269-70 (1998); *People v. Villarreal*, 152 Ill. 2d 368, 379 (1992). Rule 137 is clearly more general in nature, while section 22-105 is titled "Frivolous lawsuits filed by prisoners," and states that it applies to prisoners seeking postconviction relief. 735 ILCS 5/22-105 (West 2010).

¶ 31    Therefore, in this case the circuit court erred by including language in its order prohibiting defendant from filing further pleadings before his sanction was paid in full. When a court exceeds its statutory authority to act, the resulting order is void. *Alexander*, 369 Ill. App. 3d at 958. Accordingly, on remand, we direct the circuit court to vacate the following language from its order: "the Clerk of the Circuit Court will be instructed not to accept any further filings from [defendant] until his sanction has been satisfied in full."

¶ 32                                    Sentence

¶ 33    In supplemental briefing before this court, defendant, who was a minor at the time of the offense, asks this court to review whether his mandatory life sentence without the possibility of parole should be vacated pursuant to the Supreme Court's recent decision in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). Defendant asserts that supplemental briefing before this court is an appropriate way to challenge his sentence, arguing that a void sentence is subject to challenge at any time.

¶ 34    In response, the State argues that the statute defendant was sentenced under in this case cannot be considered void *ab initio* because it is not unconstitutional in its entirety. Furthermore, the State contends that *Miller* cannot be applied retroactively to collateral proceedings, such as a postconviction petition, because it is a new rule of law.

¶ 35    In *Miller*, the Supreme Court held that mandatory life sentences without parole for defendants under the age of 18 at the time of their crimes is a cruel and unusual punishment and, thus, violates the eighth amendment. *Miller*, 567 U.S. at ___, 132 S. Ct. at 2460. The Court did not ban the sentencing of juveniles to life in prison without parole; rather, it held the mandatory sentencing of juveniles to life without parole violates the eighth amendment and required sentencing courts "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at ___, 132 S. Ct. at 2469.

¶ 36    In *People v. Williams*, the defendant appealed the denial of his successive postconviction petition in which he asserted that his mandatory life without parole sentence violated the eighth amendment's prohibition against cruel and unusual punishment. *People v. Williams*, 2012 IL App (1st) 111145, ¶ 27. Although the defendant did not cite *Miller* until supplemental briefing before this court, he did cite the Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), a case the Supreme Court relied upon to make its decision

-8-

in *Miller*. *Williams*, 2012 IL App (1st) 111145, ¶ 30. The defendant in *Williams* and defendant in this case were both sentenced under the same statutory scheme. *Id.* ¶ 47 (citing 730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 1996)). In *Williams*, this court rejected the defendant's contention that his sentence was void *ab initio* and thus, can be attacked at any time. *Id.* This court reasoned that his sentence was not void *ab initio* because the statute was not facially unconstitutional and could be validly applied in other circumstances, namely, to adults. *Id.* This court did, however, hold that the defendant in *Williams* satisfied the cause-and-prejudice test of section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)) such that the circuit court erred in denying him leave to file a successive petition. *Williams*, 2012 IL App (1st) 111145, ¶ 57. Specifically, under the prejudice element of the cause-and-prejudice test, this court held that *Miller* can be retroactively applied. *Id.* ¶ 52.

¶ 37     In this case, unlike in *Williams*, defendant did not include any argument concerning the mandatory nature of his life without parole sentence in his successive postconviction petition. Defendant filed the instant petition in November of 2009. *Graham* was decided in 2010, while *Miller* was decided in 2012, after defendant filed his opening brief before this court. Consequently, defendant's challenge to his sentence based on *Miller* is only found in the supplemental brief he filed before this court. Unlike in *Williams*, we cannot say that defendant satisfied the cause-and-prejudice test found in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)) because the argument is not in defendant's petition. Our supreme court recently reiterated the basic framework a defendant must follow to file a successive postconviction petition, stating:

> "Consequently, to initiate a successive postconviction proceeding, a defendant must first obtain leave of court, which is granted only when the defendant 'demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.' 725 ILCS 5/122-1(f) (West 2008). To show cause, a defendant must identify 'an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings.' *Id.* To show prejudice, a defendant must demonstrate 'that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.' *Id.*" *People v. Evans*, 2013 IL 113471, ¶ 10.

We note that at no point, either before the circuit court or in supplemental briefing before this court, has defendant argued that his successive petition satisfied the elements of the cause-and-prejudice test found in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)). Accordingly, in order for this court to review his contention that we should remand the matter for new sentencing, we would have to hold that his sentence was void *ab initio*. As stated earlier, this court already held in *Williams* that the same sentencing scheme was not void *ab initio*. *Williams*, 2012 IL App (1st) 111145, ¶ 47. We see no reason to depart from that holding here.

¶ 38     The matter at bar is similar to this court's recent decision in *People v. Gray*, 2013 IL App (1st) 112572. The defendant in *Gray* filed a motion, pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2010)) challenging his sentence as void. *Id.* ¶ 5. The defendant, for the first time on appeal, added that his sentence was also void under *Miller*. *Id.* ¶ 8. The *Gray* court held that the defendant's sentence was not void and that it could not grant the

defendant the relief he requested because he filed his section 2-1401 petition outside the two-year statutory time limitation. *Id.* ¶ 12. The *Gray* court offered the following reasoning for its decision:

> "While the State acknowledges the holding in *Miller v. Alabama*, the State contends that case does not render defendant's sentence void. Indeed, a judgment is void, as opposed to voidable, only if the court that entered it lacked jurisdiction. [Citation.] Jurisdictional failure can result from a court's lack of personal or subject matter jurisdiction or, relevant to this case, the court's lack of power to render the particular judgment. [Citation.] Jurisdiction or the power to render a particular judgment does not necessarily mean that the judgment rendered must be one that should have been rendered; indeed, the power to decide carries with it the power to decide wrong, as well as right, and a court will not lose jurisdiction merely because it makes a mistake in the law, the facts, or both. [Citation.] The principle follows: that which is unconstitutional is not necessarily void. [Citation.] A statute that is unconstitutional on its face–that is, where no set of circumstances exists under which it would be valid–is void *ab initio*, while a statute that is merely unconstitutional as applied is not. [Citation.]

> As this court noted of late, *Miller v. Alabama* does not affect the validity of the natural life imprisonment statute as to nonminor defendants, so that statute is not unconstitutional on its face. [Citations.] Moreover, *Miller* does not deprive or divest any state or court of the authority to sentence a defendant who was a minor at the time of his offense, like defendant, to a natural life of imprisonment for committing homicide after already having obtained a murder conviction. [Citation.] Thus, although the mandatory imposition of a life sentence might have violated defendant's constitutional rights, that violation did not divest the trial court of jurisdiction over him. [Citations.] As such, defendant's sentence is merely voidable if challenged in a timely manner. [Citation.]" *Id.* ¶¶ 10-11.

The *Gray* court emphasized that the defendant was not without recourse, as he could still raise his sentencing issue based on *Miller* through a future postconviction petition. *Id.* ¶ 13.

¶ 39 We find the reasoning employed in *Gray* to be persuasive in the matter presently before us. In this case, as in *Gray*, we cannot grant defendant the recourse he is asking for in his supplemental brief because his argument is not found in his successive postconviction petition. See 725 ILCS 5/122-3 (West 2010) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."). Defendant has not, either in his brief before this court or in his successive postconviction petition, made any claims that he has satisfied the cause-and-prejudice test outlined in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)). Our holding in this case is consistent with this court's previous holding in *Williams* because in both cases we reject the defendants' contentions that their sentences were void *ab initio*. *Williams*, 2012 IL App (1st) 111145, ¶ 47. Unlike the defendant in *Williams*, however, defendant in the case at bar has not made any claims to satisfy the cause-and-prejudice test under the Act (725 ILCS 5/122-1(f) (West 2010)).

¶ 40 Although our holding in this case may seem inefficient because defendant will

presumably file a successive petition, his fourth, properly raising his sentencing issue based on *Miller* and addressing the requirements of section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)), we stress that we do not have the supervisory authority possessed by our supreme court to overlook the procedural posture of the matter before us and address defendant's sentencing challenge on its merits. See *People v. Jones*, 213 Ill. 2d 498, 507-08 (2004) (our supreme court stated "our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition"); *People v. Pendleton*, 223 Ill. 2d 458, 475 (2006).

¶ 41 We further note that recently the Second District of this court, in *People v. Luciano*, 2013 IL App (2d) 110792, ¶ 46, held that a similarly situated defendant could challenge his sentence in light of *Miller* because his sentence was void. To the extent that *Luciano* conflicts with our holding in this case, we respectfully decline to follow it. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) (under the doctrine of *stare decisis*, "the opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels").[2]

¶ 42 In conclusion, on remand, we direct the circuit court to vacate the following language from its order: "the Clerk of the Circuit Court will be instructed not to accept any further filings from [defendant] until his sanction has been satisfied in full." We reiterate that defendant has not challenged the circuit court's finding that his petition was frivolous or that the $105 assessed against him was improper. Accordingly, that portion of the circuit court's order will be affirmed. Additionally, we reject defendant's contention that his sentence is void and we decline to review the sentencing issue he raised in supplemental briefing before this court. We emphasize that we are not foreclosing defendant's ability to challenge his sentence based on *Miller*, we are merely holding that we cannot review the issue based on the procedural posture of the case. Defendant, if he chooses, is free to file a successive petition properly raising his claim according to the parameters of section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)). See *Jones*, 213 Ill. 2d at 508-09 (noting that proper forum for a claim not in an original or amended postconviction petition is through a successive petition); *Pendleton*, 223 Ill. 2d at 475. Presumably, this will be possible now that we have vacated the conditional language prohibiting defendant from making future filings until the assessed fee of $105 is paid in full.

¶ 43                                    CONCLUSION

¶ 44 The judgment of the circuit court is affirmed and remanded with directions.

¶ 45 Affirmed and remanded with directions.

---

[2]The *Gray* court also declined to follow *Luciano*. *Gray*, 2013 IL App (1st) 112572, ¶ 12.