# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Johnson*, 2013 IL 114639

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. OMAR JOHNSON, Appellant. |
| Docket No. | 114639 |
| Filed | September 19, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Counties Code provision awarding state's attorneys $50 for each day employed in the hearing of a case of *habeas corpus* does not use that term in the generic sense so as to apply to other collateral proceedings—fee imposed on offender for seeking section 2-1401 relief from judgment vacated. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Carol A. Kipperman, Judge, presiding. |
| Judgment | Judgments reversed in part.<br>Cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Yasaman Hannah Navai, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Annette Collins and Christine Cook, Assistant State's Attorneys, of counsel), for the People.

Justices

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Thomas, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    This case concerns whether section 4-2002.1(a) of the Counties Code (55 ILCS 5/4-2002.1(a) (West 2008)), which permits State's Attorneys to collect a $50 fee "[f]or each day actually employed in the hearing of a case of habeas corpus," also permits State's Attorneys to collect such a fee when they participate in the hearing of a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). The circuit court of Cook County assessed the fee, and the appellate court affirmed. 2012 IL App (1st) 111378. This court allowed Johnson's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). For the following reasons, we reverse, in part, the judgments of the circuit and appellate courts and remand this cause to the circuit court with directions that it vacate the $50 State's Attorney fee.

¶ 2                              I. BACKGROUND

¶ 3    Petitioner Omar Johnson was convicted of first degree murder, armed robbery, aggravated vehicular hijacking, aggravated kidnapping and concealment of a homicidal death. He was sentenced to a term of natural life for murder; 60 years' imprisonment for armed robbery, aggravated vehicular hijacking and aggravated kidnapping; and 10 years' imprisonment for concealment of a homicidal death. The appellate court affirmed Johnson's convictions and sentences on appeal, as well as the circuit court's dismissal of his subsequent postconviction petition (725 ILCS 5/122-1 *et seq.* (West 2004)).

¶ 4    Johnson filed a section 2-1401 petition in 2008, which the circuit court erroneously dismissed, and the appellate court remanded the cause to the circuit court for further proceedings. Subsequently, the State filed a motion to dismiss the petition. At a hearing in 2010, Johnson withdrew his original petition and filed an amended petition. The State filed a motion to dismiss the amended petition and requested that Johnson be assessed filing fees

and court costs for filing a frivolous petition, as provided for in section 22-105(a) of the Code of Civil Procedure (735 ILCS 5/22-105(a) (West 2010)). That section permits a court to assess filing fees and court costs against an inmate who files a petition that the court determines is frivolous. 735 ILCS 5/22-105(a) (West 2010). The circuit court granted the State's motion to dismiss and assessed numerous fees and costs against Johnson, including the $50 State's Attorney fee at issue here, pursuant to section 4-2002.1(a). Johnson now appeals to this court, challenging only the imposition of the $50 State's Attorney fee.

¶ 5                                          II. ANALYSIS

¶ 6        The sole issue before us is whether the $50 State's Attorney fee in section 4-2002.1(a) of the Counties Code applies to Johnson's section 2-1401 petition. Johnson contends that the fee was not statutorily authorized since section 4-2002.1(a) does not mention a section 2-1401 petition for relief from judgment.

¶ 7        The State responds that the fee should apply to all collateral proceedings in which the State is employed in the hearing of a case. The State argues there is little reason to differentiate between collecting a fee when the State's Attorney is employed "in the hearing of a case of habeas corpus" or in the hearing of a section 2-1401 petition or postconviction petition.

¶ 8        To answer the question presented on appeal, we must construe section 4-2002.1(a) of the Counties Code, which provides in relevant part:

          "(a) State's attorneys shall be entitled to the following fees:

                                          * * *

          For each day actually employed in the hearing of a case of habeas corpus in which the people are interested, $50." 55 ILCS 5/4-2002.1(a) (West 2010).

¶ 9        Our primary objective in construing a statute is to ascertain and give effect to the intent of the legislature, bearing in mind that the best evidence of such intent is the statutory language, given its plain and ordinary meaning. *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11. Where the statutory language is clear and unambiguous, we will apply the statute as written. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85 (1999). When statutory terms are undefined, we presume the legislature intended the terms to have their popularly understood meaning. *People v. Smith*, 236 Ill. 2d 162, 167 (2010). Moreover, if a term has a settled legal meaning, the courts will normally infer that the legislature intended to incorporate the established meaning. *Id.* We review questions of statutory construction *de novo*. *Ries v. City of Chicago*, 242 Ill. 2d 205, 216 (2011).

¶ 10       The appellate court agreed with the circuit court that the $50 State's Attorney fee should apply to Johnson's section 2-1401 petition. The court held that the statute referred to *habeas corpus* proceedings "generically" and was meant to encompass a section 2-1401 petition. 2012 IL App (1st) 111378, ¶ 13. The court further held that the statute applied to all collateral proceedings since the legislative intent was to deter frivolous filings. 2012 IL App (1st) 111378, ¶ 13.

¶ 11       We disagree with the appellate court's interpretation. As stated above, section 4-

2002.1(a) of the Counties Code allows State's Attorneys to collect a fee "[f]or each day actually employed in the hearing of a case of habeas corpus in which the people are interested." Since the term "*habeas corpus*" is not defined in the Counties Code, we will presume the legislature intended the term to have its popularly understood or settled legal meaning. The term "*habeas corpus*," which is Latin for "that you have the body," refers to a "writ employed to bring a person before a court, most frequently to ensure that the party's imprisonment or detention is not illegal." Black's Law Dictionary 715 (7th ed. 1999). There are numerous types of writs of *habeas corpus* (*e.g., habeas corpus ad deliberandum et recipiendum* ("[a] writ used to remove a person for trial from one county to the county where the person allegedly committed the offense"); *habeas corpus ad faciendum et recipiendum* ("[a] writ used in civil cases to remove the case, and also the body of the defendant, from an inferior court to a superior court"); *habeas corpus ad prosequendum* ("[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined"); *habeas corpus ad respondendum* ("[a] writ used in civil cases to remove a person from one court's custody into that of another court, in which the person may then be sued"); *habeas corpus ad subjiciendum* ("[a] writ directed to someone detaining another person and commanding that the detainee be brought to court"); and *habeas corpus ad testificandum* ("[a] writ used in civil and criminal cases to bring a prisoner to court to testify")). *Id*.

¶ 12 Giving the term "*habeas corpus*" in section 4-2002.1(a) of the Counties Code its plain and ordinary meaning, we conclude that it only applies to the various types of *habeas corpus* proceedings. We reject the State's contentions that the fee should apply "generically" to all collateral proceedings, as the appellate court concluded. 2012 IL App (1st) 111378, ¶ 13. The statutory provision that allows imposition of the $50 fee first appeared in the statute in a 1907 amendment, and has remained unchanged, despite the creation of additional collateral proceedings such as a section 2-1401 petition and a postconviction petition.[1] The legislature could have amended the statute to include additional collateral proceedings, but it never did. We will not read words or meanings into a statute when the legislature has chosen not to include them. See *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 154-55 (1997). Therefore, any remedy lies with the legislature, not the courts, if the legislature may be so inclined. See *Williams v. Manchester*, 228 Ill. 2d 404, 427 (2008).

¶ 13 Further, we are not persuaded by the appellate court's opinion in *People v. Gutierrez*, 2011 IL App (1st) 093499, to which both parties cite. In *Gutierrez*, the appellate court vacated the $50 State's Attorney fee that was assessed to the defendant following the summary dismissal of his postconviction petition. *Id.* ¶ 65. The court reasoned that since the defendant's postconviction petition was dismissed at the first stage, which occurred without any input from the State, the State had not been "employed" in the hearing of the case, and

---

[1]The statutory provision that preceded a section 2-1401 petition was enacted in 1872 when the General Assembly abolished the writ of error *coram nobis*. *People v. Touhy*, 397 Ill. 19, 23 (1947). The legislature enacted the Post-Conviction Hearing Act in 1949. Ill. Rev. Stat. 1949, ch. 38, ¶¶ 826-832. Additionally, the above definitions of the various types of writs of *habeas corpus* are substantially the same as they were in 1907.

therefore was not permitted to recover the fee. *Id.* ¶ 65. However, the appellate court did not first consider whether the fee should apply to a postconviction proceeding. To the extent the appellate court in *Gutierrez* assumed the fee could apply to a postconviction petition, we disagree with that assumption. As stated above, we hold the fee only applies to *habeas corpus* proceedings. Accordingly, we remand this cause to the circuit court with directions that it vacate the $50 State's Attorney fee assessed against Johnson and correct the *mittimus*.

¶ 14                                                  III. CONCLUSION

¶ 15        For the foregoing reasons, the judgments of the circuit and appellate courts are reversed in part. The cause is remanded to the circuit court with directions that it vacate the $50 State's Attorney fee and correct the *mittimus*.

¶ 16        Judgments reversed in part.

¶ 17        Cause remanded with directions.